IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL WEINSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>METLIFE INC., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　／ | No. C 06-04444 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY, AND DENYING DEFENDANTS' MOTION TO DISMISS** |

　　　　Defendants Metlife Inc., Metropolitan Life Insurance Company, and Metlife Securities, Inc., move to dismiss, or in the alternative, stay plaintiff's third cause of action on behalf of plaintiff Weinstein and the proposed California class. Defendants argue that the claim is duplicative of *Sims v. Metropolitan Life Insurance Co.,* 05-cv-2980 ("*Sims*"), an action currently pending before Judge Henderson, of this court. Defendants argue that there is no significant difference between the parties, issues, or relief sought; therefore, allowing plaintiff's third cause of action to move forward would be a waste of judicial resources, and the Court should exercise its judicial discretion to either dismiss or stay this cause of action. On November 3, 2006, the Court heard oral argument on defendants' motion to dismiss, or in the alternative, to stay plaintiff's third cause of action. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendants' motion to stay and DENIES defendants' motion to dismiss.

**BACKGROUND**

　　　　Plaintiff Neil Weinstein filed the instant action on July 20, 2006 against defendants Metlife, Inc., Metropolitan Life Insurance Company and Metlife Securities, Inc. ("defendants"). Weinstein brought

this action individually and on behalf of all persons similarly situated. *See* Weinstein Compl. ¶ 2. Weinstein's complaint sets forth eight causes of action: (1) unlawful failure to pay overtime wages, under the Fair Labor Standards Act ("FLSA"); and the following causes of action under California law: (2) unlawful failure to pay overtime wages; (3) failure to reimburse expenses and/or failure to refund plaintiffs' contributions to the capital and expenses of the defendants' business (alleged to constitute a "cash bond"); (4) prohibited wage chargebacks; (5) failure to provide meal and rest periods; (6) failure to provide accurate itemized wage statements; (7) failure to pay wages on termination; and (8) unfair business practices. *See id.* ¶¶ 34-95. The complaint defines two classes of plaintiffs: a California class, for the California-law claims, and a nationwide FLSA class, for the alleged FLSA violation. *See id.* ¶ 3.

In support of the third cause of action, Weinstein alleges that defendants required Weinstein and California class members to "pay other agents/employees of [d]efendants for their services to the clients in processing orders, assisting in sales, or otherwise handling business matters of the employer." *Id*. In addition, it is alleged that defendants required Weinstein and California class members to make "cash contributions" from their earned and paid commission to defendants for "previously paid and for claimed customer losses by [d]efendants' customers." *Id.* Further, Weinstein alleges that defendants required him and other class members to pay for the normal business expenses of defendants. *See id.* Weinstein claims that by doing this, defendants violated California Labor Code § 2802(a), which provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

*Id.* ¶ 51. Weinstein also claims that defendants violated California Labor Code § 406, which provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

*Id.* ¶ 52. Lastly, Weinstein claims that this was a violation of California Labor Code § 407, which provides:

> Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment.

2

Weinstein Compl. ¶ 53.

In connection with the third cause of action, Weinstein seeks reimbursement for "expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of the employer, with interest at the statutory rate and attorneys' fees." *Id.* ¶ 36.

On June 14, 2005 Jon Paul Sims ("Sims") filed an action individually and on behalf of all those similarly situated in the Superior Court for the State of California, County of Sonoma, against defendant Metropolitan Life Insurance Company. The action was removed, and is currently pending before the Judge Henderson of this court. *Sims v. Metropolitan Life Insurance Co.,* No. 05-2980 (N.D. Cal. filed July 21, 2005). The complaint in *Sims* states two causes of action: (1) violation of § 2802 of California Labor Code; and (2) injunctive relief and restitution under California Business and Professions Code § 17200, et seq. *See* White-Sperling Decl., Ex. 1, Sims Compl. [hereinafter Sims Compl.].

The plaintiffs in *Sims* allege that defendant Metropolitan Life Insurance Company failed to indemnify plaintiffs for expenses and losses incurred as a result of discharging their duties. *See id.* ¶ 17. These expenses included a "Rent Charge" for office space, a "Support Charge" for clerical staff, a "Basic Expense Charge" and "Extra Charges." *See id.* ¶ 18. The plaintiffs in *Sims* allege that defendants imposed these charges pursuant to a Metropolitan Life Insurance Company policy called the "Expense Allowance Plan" ("EAP"). *See id.* ¶ 18.

The *Sims* complaint proposes the following class:

> All California employees of Metropolitan Life Insurance Company *whose job title was Financial Services Representative*, during the period from June 14, 2001 to the present, who's [sic] compensation was subject to deductions for business expenses, including office space "Rent Charge", clerical staff "Support Charge", "Basic Expense Charge" and "Extra Charges", according to a MetLife policy called the Expense Allowance Plan.

*See id.* ¶ 10 (emphasis added). The class period in the *Sims* action is from June 14, 2001 through the present. *See id.*

The *Weinstein* action defines its proposed California class as:

> All persons who are, or have been, employed by the defendants Metlife, Inc., Metropolitan Life Insurance Company, and/or Metlife Securities, Inc. in the State of California to sell and/or assist in selling and/or to market and/or assist in marketing

3

securities and other financial products on their behalf to the public within the applicable statutory periods.

Weinstein Compl. ¶ 20. The California class period in the instant action is from July 20, 2002 through the trial date. *See id.* ¶ 3.

On August 21, 2006, the *Sims* defendant filed a notice of related case in the *Sims* action, notifying Judge Henderson of the *Weinstein* action. The notice was unopposed by plaintiffs in *Sims*. On September 13, 2006, Judge Henderson issued an order finding that the instant action was not related to the *Sims* action.[1] *See* Pl.'s Opp'n to Defs.' Mot. Dismiss or, Alternative to Stay, Ex. C.

The *Sims* action is substantially further along than the instant action. In *Sims*, the parties have deposed plaintiffs Jon Paul Sims, Michael B. Bagley and Jeffrey A. Pfeiffer, as well as some of the Metropolitan Life Insurance Company representatives. *See* White-Sperling Decl. 1:12-14. "[T]housands of pages of documents" have been produced in *Sims*. *Id.* 1:14-16. The parties in *Sims* have fully briefed a summary judgment motion and a motion for class certification. Both motions are scheduled for oral argument on November 27, 2006. In *Weinstein*, no discovery has been conducted and defendants have responded to the complaint only with the instant motion.

## LEGAL STANDARD

Defendants' arguments turn on relatively underdeveloped law regarding duplicative lawsuits. The Ninth Circuit has stated the following regarding duplicative suits:

> The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district. "While no precise rule has evolved, the general principle is to avoid duplicative litigation," and promote judicial efficiency.

*Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted); see also *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("It is enough if the two proceedings are 'substantially similar.'").

---

[1] The notice of related case was made pursuant to Civil Local Rule 3-12, which provides that "[a]n action is related to another when . . . [t]he actions concern substantially the same parties, property, transaction or event; and . . . [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."
It is important to note that pursuant to Civil Local Rule 3-12, Judge Henderson's ruling was based on a comparison of the entire *Sims* action to the entire instant action, which is not the issue here. Judge Henderson's refusal to relate the cases is therefore not dispositive.

In the Ninth Circuit, the principles of federal comity are also embodied in the "first-to-file" rule. *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Under the first-to-file rule, a district court may transfer, stay or dismiss an action when a similar action has been filed in another district court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991). When deciding whether to apply the first-to-file rule, the court must look at three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Alltrade.*, 946 F.2d at 625-26 (9th Cir. 1991).

The fact that there are additional defendants in one of these actions is not dispositive. *Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) ("If the parties 'represent the same interests' the court may determine the second action is duplicative.") (citation omitted). In a class action, the classes, and not the class representatives, are compared. *See* Cal. Jur. 3d Actions § 284 (citing to *Gamble v. San Diego*, 79 Fed. 487 (C.D. Cal. 1897)).

## DISCUSSION

Defendants argue there is no significant difference between the parties, issues, or relief sought in the *Sims* action and Weinstein's third cause of action.[2] In response, Weinstein first argues that the actions are distinguishable because *Sims* only names defendant Metropolitan Life Insurance Company, whereas Weinstein also names Metlife Inc. and Metlife Securities as defendants. The addition of defendants is not dispositive, especially where, as here, the parties represent the same interests. *See Barapind*, 72 F.Supp.2d at 1145 (quoting *Walton*, 563 F.2d at 70).

In addition, Weinstein notes that the instant action involves a different plaintiff than the *Sims* action. In a class action, however, it is the class, not the representative, that is compared. *See* Cal. Jur. 3d Actions § 284 (citing to *Gamble*, 79 Fed. 487). The instant action defines the proposed California class members as those employees who worked for defendants "to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products on their behalf to the public." Weinstein Compl. ¶ 20. The complaint in the *Sims* action defines its class members as: "All California

---

[2] In the instant motion, it is undisputed that the *Sims* action was filed first.

5

employees of Metropolitan Life Insurance Company whose job title was Financial Services Representative." Sims Compl. ¶ 10. Weinstein has not explained, and the Court does not see, how these two classes differ. There is thus no significant difference between the parties.

Weinstein's remaining arguments are primarily based on the contention that the instant action *as a whole* is different from the *Sims* action. However, as the instant motion is only concerned with Weinstein's third cause of action, it is irrelevant whether as a whole, the instant action differs from the *Sims* action. For example, Weinstein argues that this action is broader since it also names a nationwide class under the FLSA. This argument is not persuasive, as Weinstein's third cause of action is brought only on behalf of a proposed California class of plaintiffs.

In addition, Weinstein argues that the *Weinstein* and *Sims* actions involve different issues and different class action allegations. In support of this contention, Weinstein argues that *Sims* only alleges damages arising out of the defendant's EAP program. Weinstein claims that the instant cause of action is broader since it includes unlawful charges made by defendants above and beyond those made under the EAP. Weinstein, however, has not provided any specific examples of these alleged additional charges. It does appear that there may be some differences in the claims; however, there is a significant overlap, the extent of which will be better understood after Judge Henderson's motions are resolved.

Lastly, Weinstein claims that the relief sought in the instant action is different from the relief sought in the *Sims* action. In the third cause of action, Weinstein seeks reimbursement for the allegedly unlawful charges made by defendants. Weinstein Compl. ¶ 56. In addition, Weinstein seeks a return of all cash bonds or other "coerced investments." *Id.* The *Sims* action seeks damages on behalf of the plaintiffs and the proposed class for defendant's failure to indemnify plaintiffs and members of the class for the unlawful charges that were made by defendant in violation of California Labor Code § 2802, and/or California Business and Professions Code § 17200, et seq. Sims Compl., Prayer for Relief. Plaintiffs in *Sims* also seek to enjoin defendant from continuing to violate California Labor Code § 2802. *Id.* The relief sought thus appears to be identical: Sims and Weinstein both seek reimbursement of illegal charges allegedly made by defendants.

**CONCLUSION**

The issues and parties appear to substantially (if not completely) overlap. Judge Henderson should rule on the class certification and summary judgment motions very shortly. A stay therefore benefits all the parties, and the Court, as Judge Henderson's rulings may narrow the issues that need to be litigated here. The Court therefore GRANTS defendants' motion to stay proceedings on the third cause of action of this case, pending Judge Henderson's rulings on the motion for summary judgment and motion for class certification in the *Sims* action. In the event that Judge Henderson certifies the class, as currently defined, in the *Sims* action, the Court will grant the motion to dismiss in the instant action with leave to amend; plaintiff Weinstein may then attempt to plead around the *Sims* action. (Docket No. 10).

This stay applies only to the third cause of action; proceedings may continue normally as to the other claims.

**IT IS SO ORDERED.**

Dated: November 6, 2006

SUSAN ILLSTON
United States District Judge