REBECCA EISEN, State Bar No. 096129
THERESA MAK, State Bar No. 211435
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
reisen@morganlewis.com
tmak@morganlewis.com
Tel: 415.442.1000
Fax: 415.442.1001

JENNIFER WHITE-SPERLING, SBN. 166504
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
jwhite-sperling@morganlewis.com

Attorneys for Defendants
METLIFE, INC., METROPOLITAN LIFE
INSURANCE COMPANY, AND METLIFE
SECURITIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEIL WEINSTEIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, AND METLIFE SECURITIES, INC.,<br><br>Defendants. | Case No. C06-04444 SI<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>The Honorable Susan Illston |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter, and by and between their undersigned counsel, that:

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

1-SF/7455650.4

1

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1.      Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either; (i) produced during discovery proceedings in this action; (ii) included in an order of this Court; or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute or contain proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2.      Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3.      (a)      All documents, information and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Order without the need for any designation until the end of the seventh day after the date on which it is/they are produced.

(b)      Documents and other discovery materials may be designated as Confidential Material: (i) by affixing a legend to every page of the document at the time of production; (ii) by agreement in writing between the producing and receiving parties at any time; (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below.  The receiving party must notify the designating party of a challenge to the designation no later than thirty (30) days prior to the discovery cut-off in this action.  Prior to a resolution as to the designation of a document, the documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Order.

(c)      If a receiving party elects to challenge to a designating party's confidentiality designation, then the receiving party must do so in good faith and must begin the process by making a concerted and good faith effort to confer with counsel for the designating party through voice to voice dialogue.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

2

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

1  party an opportunity to review the designated material, to reconsider the circumstances, and, if no

2  change in designation is offered, to explain the basis for the chosen designation  If the parties are

3  unable to resolve their dispute, then the party who designated the discovery material as

4  Confidential Material will move the Court within ten (10) days of receipt of notice that the

5  classification is disputed for an order approving the confidential designation, and the non-moving

6  party may oppose such motion.  If the motion is timely made, the designated material shall be

7  deemed Confidential Material until the issue is resolved by the Court.

8      4.      Any person giving deposition testimony in this action may, directly or through

9  counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not

10  previously designated as Confidential Material, as Confidential Material by advising the court

11  reporter and all parties of such fact on the record during the deposition, or in writing at any time

12  up to and including the seventh day after the date of receipt of the deposition transcript.

13  Deposition testimony shall automatically be deemed to be Confidential Material subject to the

14  terms of this Order until the end of the seventh day after the date of receipt of the deposition

15  transcript.  In addition, any party may designate as Confidential Material, in accordance with the

16  provisions of Paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action.  All

17  copies of deposition transcripts designated as or containing Confidential Material shall be

18  prominently marked "Confidential Material" on the cover thereof.  If this designation is disputed

19  by the receiving party, then the receiving party shall so notify the designating party in writing.

20  The deposition testimony in dispute shall remain Confidential Material subject to the terms of this

21  Order.  If the parties are unable to resolve their dispute, then the party who designated the

22  discovery material as Confidential Material will move the Court within ten (10) days of receipt of

23  notice that the classification is disputed for an order approving or removing the confidential

24  designation and the non-moving party may oppose such motion.  If the motion is timely made, the

25  designated material shall be deemed Confidential Material until the issue is resolved by the Court.

26      5.      Motion papers or other Court filings, including exhibits, that disclose Confidential

27  Material shall be the subject of an application to file the Confidential Material under seal pursuant

28  to Rule 79-5 of the Civil Local Rules for the United States District Court, Northern District of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

3

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

California. If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute in writing. If the parties are unable to resolve their dispute, the party who designated the discovery materials as Confidential Material will move the Court within ten (10) days of receipt of notice that the classification is disputed for an order approving or removing the confidential designation and the non-moving party may oppose such motion. If timely made, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of this Court, unless the Confidential Material was obtained lawfully and independently of the designating party.

7. Confidential Material shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    a. the Court in this action (including, without limitation, all Court personnel, including court reporters and members of the jury);

    b. counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any party;

    c. employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

    d. individual parties, including the Plaintiff(s), and any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

    e. opt-in plaintiffs and members of a class certified by the Court, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action and only if the opt-in plaintiffs and/or members of a class certified by the Court sign the Confidentiality Agreement. Opt-in plaintiffs and members of a class certified by the Court signing the Confidentiality Agreement may review only the personnel files and payroll records of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

4

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

those opt-in plaintiffs and members of a class certified by the Court who sign and provide Plaintiff's counsel with enforceable waivers of their privacy rights which release any and all claims against Defendants arising from any disclosure of their personnel file and payroll records; and

        f.     deposition or trial witnesses, experts and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if the deposition or trial witnesses, experts and consultants sign the Confidentiality Agreement.

8.    Subject to the provisions of Paragraphs 3, 4 and 5 above, any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance. Pending the Court's resolution of such issues and timely motions therefor, such material shall remain designated as Confidential Material.

9.    Prior to the disclosure of any Confidential Material to Plaintiff(s), Defendants, or any individual entitled to review such information pursuant to the provisions of the preceding paragraphs 7(e) and/or 7(f), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Agreement, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Agreement and Order. The parties agree to obtain and retain a signed copy of the attached agreement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

10.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential Material, the receiving party must notify the designating party, in writing (by facsimile, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    (a)    The receiving party also must immediately inform in writing the Party who

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

5

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

11. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

12. Nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents.

13. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Protective Order, subject to the provisions of Paragraphs 3, 4 and 5 above.

14. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall thereafter comply with such request as soon as practicable, but no later than two (2) months from the final termination of this action unless otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

6

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

1  archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

2  attorney work product, even if such materials contain Confidential Material. Any such archival

3  copies that contain or constitute Confidential Material remain subject to this Confidentiality

4  Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by

5  Counsel in any way in any other matter, including in any other case, action or proceeding unless

6  otherwise ordered by the Court.

7        15.    The provisions of this Order are without prejudice to any application by any party

8  at any time, on notice, for a modification or dissolution of or relief from this Agreement and

9  Order or any provision hereof. Plaintiff agrees to abide by this confidentiality stipulation and

10  protective order which will remain in effect until there is a change either by agreement of the

11  parties or by order of the Court. The parties agree to meet and confer in good faith to resolve any

12  dispute regarding paragraph 7(e). If the parties are not able to resolve such dispute during the 30-

13  day period following the deposition of Plaintiff Neil Weinstein, they may send a joint letter to the

14  Court explaining the sole language in dispute and will abide by the Court's decision.

15        16.    The parties and their attorneys, and all other persons agreeing to this undertaking,

16  shall be responsible to see that the purpose and effect of this Order is achieved.

17        17.    The foregoing is entirely without prejudice to the right of any party to apply to the

18  Court for any further Protective Order relating to any confidential documents or information; or

19  to apply to the Court for an order compelling production of documents; or for the modification or

20  the relaxation of this Order.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

7

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

18. The Court may modify the Protective Order in the interests of justice or public policy.

Dated: January 31, 2007

LAW OFFICES OF JOHN M. KELSON

By: _____
John M. Kelson

Attorneys for Plaintiff
NEIL WEINSTEIN

Dated: ~~January~~ May 8, 2007

MORGAN, LEWIS & BOCKIUS, LLP

By: _____
Rebecca Eisen

Attorneys for Defendants
METLIFE, INC., METROPOLITAN LIFE
INSURANCE COMPANY AND
METLIFE SECURITIES, INC.

**ORDER**

IT IS SO ORDERED.

Dated: _____, 2007

_____
The Honorable Susan Illston

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7455650.4

8

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL WEINSTEIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, AND METLIFE SECURITIES, INC.,<br><br>Defendants. | Case No. C06-04444 SI<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>The Honorable Susan Illston |

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed: _____

Name: _____

Title: _____

1                                    Case No. 05 CV 2980 (TEH)