**United States District Court**
For the Northern District of California

1

2

3

4

5                      IN THE UNITED STATES DISTRICT COURT

6                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    NEIL WEINSTEIN, et al.,                    Nos. C 06-04444 SI; C 07-0538

9              Plaintiffs,                      **ORDER RE:  *REEDER* PLAINTIFFS**

10      v.

11   METLIFE INC., et al.,

12             Defendants.
     _____/

13

14   KIM REEDER, et al.,

15             Plaintiffs,

16      v.

17   METROPOLITAN    LIFE    INSURANCE
     COMPANY,

18             Defendant.

19   _____/

20

21          On July 6, 2007, the Court issued an order granting plaintiff Neil Weinstein's motion for

22   production of documents constituting or reflecting communications between plaintiffs in the *Reeder*

     action and their counsel, Scott Cole, prior to the date on which the *Reeder* action was filed.  The Court
23
     also granted Weinstein's motion for permission to contact the *Reeder* plaintiffs.  Finally, the Court
24
     ordered Cole to submit declarations from the *Reeder* plaintiffs, detailing their understanding of the
25
     reasons for, and chronology of, their decision to file the *Reeder* action and withdraw from the
26
     *Weinstein* FLSA action.
27
            On July 13, 2007, Cole filed declarations from five of the six *Reeder* plaintiffs.  A cover letter
28

United States District Court
For the Northern District of California

to the declarations indicated that the sixth plaintiff, Donald Myers, was out of town and unreachable through July 16, 2007, at the earliest.  As of the date of this order, Cole has yet to submit a declaration from Mr. Myers.[1]  The cover letter also indicated that another of the plaintiffs, Abdulsalam Borgi, "appear[ed] to now be in an utter state of confusion," and it was unclear whether he stood by the declaration submitted to the Court.  Since that time, counsel in the *Weinstein* action, Wolf Haldenstein, has provided the Court with an updated declaration from Mr. Borgi, which states "I was confused and at that time I did not understand that I was opting out of the Weinstein case," and "I did not know that I was changing cases and lawyers until now."  July 16, 2007 Letter, Ex. A.  He also noted that "I am not accusing [Scott Cole & Associates] of deception, it could have been my fault because I did not try to ask more questions to understand what is going on with my case."  *Id.*  Mr. Borgi requested that he be included back in the *Weinstein* case.  *Id.*

In addition to the declarations, the Court has also received several letters from Cole and Wolf Haldenstein, accusing each other of misbehavior.  On July 10, 2007, Wolf Haldenstein sent a five page letter to those *Reeder* plaintiffs that had formerly opted in to the *Weinstein* action.  The letter explained the history of the cases, and stated three goals:  (1) "to keep you current with regard to the *Weinstein* case"; (2) "to request that you speak to plaintiffs' counsel in *Weinstein* so that they can answer any specific questions you have and confirm that you understand your position in the *Weinstein* case"; and (3) "to tell you that one of the undersigned counsel will telephone you shortly to ask for your help in assembling needed financial information which will assist the *Weinstein* state law class in an August settlement mediation."  Wolf Haldenstein attached to the letter a copy of this Court's most recent order.

On July 13, 2007, Cole filed a letter with the Court complaining about the July 10th letter.  The July 10th letter, Cole asserts, "was indisputably designed to undermine [Scott Cole & Associates'] ability to obtain the declarations requested by this Court."  Statements contained in the letter, Cole asserts, violate various sections of the California Penal Code and the California Rules of Professional Conduct.  Wolf Haldenstein replied to Cole's July 13th letter on July 16th, and Cole filed another letter

---

[1]Counsel for Weinstein, Wolf Haldenstein, has submitted e-mail correspondence from Mr. Myers indicating some confusion or lack of knowledge as to the history of the cases and his role therein.  *See* July 16, 2007 Letter, Ex. B.

on July 16th as well.

The Court has reviewed the July 10th letter sent by Wolf Haldenstein to the *Reeder* plaintiffs and finds that it contains nothing improper.  The Court granted Wolf Haldenstein permission to contact the *Reeder* plaintiffs, and they did so in a reasonable and transparent manner.  The letter appears to be an honest attempt to clarify the procedural history of the *Weinstein* and *Reeder* actions.  The letter contains no gross inaccuracies or misrepresentations, and does not encourage the recipients to take any particular action, other than to contact Wolf Haldenstein with any questions.  As mentioned above, it is apparent that at least two of the six *Reeder* plaintiffs do not have a full understanding of the genesis of, and their role in, the *Reeder* and *Weinstein* actions.  As such, the July 10th letter was not unwarranted, and likely helped plaintiffs understand the current status of the cases.

Finally, the Court wishes to make clear to the *Reeder* plaintiffs that the decision as to which case they wish to participate in, and to what extent, is their own to make.  Neither the attorneys nor the Court have the authority to force plaintiffs into one case or the other.  Attorneys exist to serve the interests of their clients, not vice versa.

**IT IS SO ORDERED.**

Dated: August 1, 2007

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California