WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK (144785)
BETSY C. MANIFOLD (182450)
RACHELE R. RICKERT (190634)
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

LAW OFFICES OF JOHN M. KELSON
JOHN M. KELSON (75462)
1999 Harrison Street, Suite 700
Oakland, California 94612
Telephone: 510/465-1326
Facsimile: 510/465-0871

Attorneys for Representative Plaintiff
And the Plaintiff Classes

[Additional Counsel Appear On Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL WEINSTEIN, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, and METLIFE SECURITIES, INC., <br><br> Defendants. | Case No. 3:06-CV-04444-SI <br><br> **STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> CRTRM: 10, 19th Floor <br> JUDGE: Honorable Susan Illston |

STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT –
CASE NO. 3:06-CV-04444-SI

1      WHEREAS, on July 20, 2006, Plaintiff Neil Weinstein filed a Complaint for Damages,

2 Injunctive Relief and Restitution [DKT No. 1];

3      WHEREAS, by Order dated September 30, 2008, the Court set the motion for class and/or

4 collective action certification for hearing on February 6, 2009 [DKT No. 160];

5      WHEREAS, in advance of the motion for class and/or collective action certification,

6 Plaintiff Neil Weinstein seeks to add additional proposed named plaintiffs who allege wage and

7 hour claims against MetLife, Inc. and MetLife Resources, Inc. and to amend the California class

8 definition to exclude the claims settled in *Sims v. Metropolitan Life Ins. Co.*, Case No. 05 CV

9 2980 THE (EDL) (N.D. Cal. filed July 21, 2005) ("*Sims*"); and

10      WHEREAS, the parties agree that Plaintiff should file an amended complaint to include

11 additional named parties and to exclude the *Sims* claims.

12      NOW, THEREFORE, the parties, by and through their counsel of record, hereby stipulate,

13 and jointly seek an Order that Plaintiff be granted leave to amend his complaint and to file the

14 First Amended Complaint, lodged herewith and attached as Exhibit A hereto as of the date of the

15 Court's Order.

16 DATED: November 13, 2008           WOLF HALDENSTEIN ADLER
17                            FREEMAN & HERZ LLP
                            FRANCIS M. GREGOREK
18                            BETSY C. MANIFOLD
19                            RACHELE R. RICKERT

20                            _____
21                            BETSY C. MANIFOLD

22                            Symphony Towers
                           750 B Street, Suite 2770
23                            San Diego, CA 92101
                           Telephone: 619/239-4599
24                            Facsimile: 619/234-4599

25                            LAW OFFICES OF JOHN M. KELSON
                           JOHN M. KELSON
26                            1999 Harrison Street, Suite 700
                           Oakland, California 94612
27                            Telephone: 510/465-1326
                           Facsimile: 510/465-0871

28

STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT –
CASE NO. 3:06-CV-04444-SI

- 1 -

1   RICHARD B. GLICKMAN
    A PROFESSIONAL CORPORATION
2   RICHARD B. GLICKMAN
    One Maritime Plaza, Suite 1600
3   San Francisco, CA 94111
    Telephone:  415/362-7685
4   Facsimile:   415/781-1034

5   Attorneys for Representative Plaintiff and the
    Plaintiff Classes
6
    DATED: November 13, 2008         MORGAN LEWIS & BOCKIUS LLP
7
8
                                     By: _____
9                                         REBECCA D. EISEN

10  One Market
    Spear Street Tower
11  San Francisco, CA 94105
    Telephone:   415/442-1354
12  Facsimile:   415/442-1001

13  MORGAN LEWIS & BOCKIUS LLP
    CHRISTOPHER A. PARLO
14  101 Park Avenue
    New York, NY 10178
15  Telephone:   212/309-6000
    Facsimile:   212/309-6273
16
17  Counsel for MetLife Securities, Inc., MetLife Inc.,
    Metropolitan Life Insurance Company
18

19      Plaintiff Neil Weinstein is granted leave to file his First Amended Complaint and the First

20  Amended Complaint lodged herewith is considered filed as of the date of this order.

21      IT IS SO ORDERED:

22
23  DATE: _____          _____
                                        THE HONORABLE SUSAN ILLSTON
24
25
26
27
    METLIFE:16350
28

STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT –
CASE NO.  3:06-CV-04444-SI
                                                                        - 2 -

# EXHIBIT A

1   WOLF HALDENSTEIN ADLER
       FREEMAN & HERZ LLP
2   FRANCIS M. GREGOREK (144785)
    BETSY C. MANIFOLD (182450)
3   RACHELE R. RICKERT (190634)
    750 B Street, Suite 2770
4   San Diego, CA 92101
    Telephone: 619/239-4599
5   Facsimile: 619/234-4599

6
    LAW OFFICES OF JOHN M. KELSON
7   JOHN M. KELSON (75462)
    1999 Harrison Street, Suite 700
8   Oakland, California 94612
    Telephone: 510/465-1326
9   Facsimile: 510/465-0871

10  Attorneys for Representative Plaintiffs and the [Proposed] Plaintiff Classes

11

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15  NEIL WEINSTEIN, ABDULSALAM        )  Case No. 3:06-CV-04444-SI
    BORGI, CHARLES DOZER, PETER       )
16  FERCIONI, AND HOOSHANG            )  CLASS ACTION
    KERMANI individually, and on behalf of )
17  all others similarly situated,    )
                                      )
18              Plaintiffs,           )  FIRST AMENDED COMPLAINT FOR
                                      )  DAMAGES, INJUNCTIVE RELIEF AND
19  vs.                               )  RESTITUTION
                                      )
20                                    )
    METLIFE, INC., METROPOLITAN LIFE  )  DEMAND FOR JURY TRIAL
21  INSURANCE COMPANY, METLIFE        )
    RESOURCES, INC. and METLIFE       )
22  SECURITIES, INC.,                 )
                                      )
23              Defendants.           )  CRTRM:   10, 19th Floor
    _____ )  JUDGE:   Honorable Susan Illston

24

25

26

27

28

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

The Representative Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1.     This is a class/collective action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period penalties, waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act of 1938 ("FLSA") §§6 and 7, 29 U.S.C. §§206 and 207 (2006). This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under California law (*e.g.*, Title 8 of the California Code of Regulations (2008), Cal. Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802 (2007), Cal. Business and Professions Code §§17200, *et seq.* (2008) and Cal. Code of Civil Procedure 1021.5 (2008)).

2.     Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "California Class") who are, or have been, employed by the Defendants to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products to the public on their behalf within the applicable statutory periods.

3.     The "California Class" period is designated as the time from July 20, 2002 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing since that time. The "FLSA Class" period is designated as the time from July 20, 2003 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been ongoing since at least this date. During the Class Periods, METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE RESOURCES, INC. and METLIFE SECURITIES, INC. (hereinafter collectively "Metlife" and/or "Defendants") have had a consistent policy of (1) permitting, encouraging, and/or requiring their allegedly-overtime exempt Financial Services Representatives (herein after "FSRs"), including Representative Plaintiffs and members of both Classes, to work in excess of

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

- 1 -

eight (8) hours per day and in excess of forty (40) hours per week without paying them overtime compensation as required by the FLSA and California's wage and hour laws; (2) making impoper deductions from the Representative Plaintiffs' and California Class Members' earned and paid commissions and requiring cash contributions be made back to Defendants for commissions previously paid and for claimed customer losses by Defendants' customers; (3) requiring Representative Plaintiffs and California Class Members to pay other agents/employees of Defendants for their services to the clients in processing orders, assisting in sales, or otherwise handling business matters of Metlife; (4) unlawfully denying the Representative Plaintiffs and the California Class Members statutorily mandated meal and rest periods; (5) willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiffs and/or the California Class Members whose employment with Defendants terminated; and (6) willfully failing to provide Representative Plaintiffs and the California Class Members with accurate semi-monthly itemized wage statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

**INTRODUCTION**

4.     The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201, *et seq.* (2006), (hereinafter referred to as "the Act" or the "FLSA") provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated.  The enactment of the provisions of the FLSA provide the federal courts with substantial authority to stamp out abuses of child labor, equal pay, portal-to-portal activities as well as the overtime pay provisions at issue in this Complaint.

5.     According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

6.     California's Labor Code and Industrial Welfare Commission Wage Orders provide even more expansive protection to hourly workers, including, but not necessarily limited to,

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

entitlements to overtime pay and work performed beyond eight hours per day, protection against improper wage deductions and substantial penalties for the denial of rest and meal periods.

7.     Defendants provide financial services including the sale of securities and financial products to the public. Representative Plaintiffs are informed and believe and, based thereon, allege that, within the Class Periods, Defendants have operated numerous facilities throughout the United States.  In so doing, Defendants have employed hundreds, if not thousands, of individuals in recent years alone in allegedly-exempt "Financial Services Representative" ("FSRs") positions, employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages.  Metlife also improperly treats certain FSRs as "statutory employees" or independent contractors when these individuals have not, and currently do not, meet any test for designations and are not exempt from state and/or federal labor laws.

8.     Despite actual knowledge of these facts and legal mandates, Defendants have enjoyed an advantage over their competition and have disadvantaged their employees by electing not to pay premium (overtime) and/or "penalty" (a.k.a. "waiting time") wages to FSRs, particularly, by improper deductions from their wages and by failing to reimburse them for expenses they incurred on Defendants' behalf and by failure to provide meal and rest breaks.

9.     Representative Plaintiffs are informed and believe and, based thereon, allege that officers of Metlife knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violations of the laws cited herein.

10.     Despite Metlife's knowledge of the Plaintiff Classes' entitlement to premium (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods, Metlife failed to provide the same to members of the Plaintiff Classes in violation of the FLSA and California state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, *et seq.* (2006), including under 29

U.S.C. §§207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331 (2008)), diversity jurisdiction under 28 U.S.C. §1332 (2008), and supplemental jurisdiction to consider claims arising under California state law, pursuant to 28 U.S.C. §1367.

12.     Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391 (2008). Metlife maintains offices in the Northern District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiffs and those similarly situated within the state of California and within this judicial district. Metlife operates said facilities and has employed numerous Class Members in this judicial district as well as throughout the state of California.

## **PLAINTIFFS**

13.     Representative Plaintiff Neil Weinstein is a natural person and was, during the relevant time period identified herein, employed by Metlife in its Oakland, California office and at other places as a Financial Services Representative ("FSR") pursuant to a series of successive written compensation plans.

14.     Representative Plaintiff Abdulsalam Borgi is a natural person and was, during the relevant time period identified herein, employed by Metlife in its Riverside, California office and at other places as a FSR pursuant to a series of successive written compensation plans.

15.     Representative Plaintiff Charles Dozer is a natural person and was, during the relevant time period identified herein, employed by Metlife in its San Diego, California office as a FSR pursuant to a series of successive written compensation plans.

16.     Representative Plaintiff Peter Fercioni is a natural person and was, during the relevant time period identified herein, employed by Metlife from December 2001 to date in its West Lake Village, California office and at other places as a FSR pursuant to a series of successive written compensation plans. Metlife treats Mr. Fercioni as a "statutory employee."

17.     Representative Plaintiff Hooshang Kermani is a natural person and was, during the relevant time period identified herein, employed by Metlife from December 2001 to date in its

West Lake Village, California office and at other places as a FSR pursuant to a series of successive written compensation plans. Metlife treats Mr. Kermani as a "statutory employee."

18. In said positions, the Representative Plaintiffs were repeatedly paid a substandard wage insofar as they were denied full pay for all hours worked, including overtime pay, denied reimbursement for expenses incurred on behalf of their employers, and were frequently permitted to work, and did work during the Class Periods, shifts exceeding four hours or a major fraction thereof (of at least three and one-half hours) without being afforded ten minute rest periods and without being afforded mandatory meal periods. The Representative Plaintiffs are informed and believe, and based thereon, allege that this conduct of Metlife is/was commonplace at every location owned and operated thereby.

19. As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Classes" refer to the named plaintiffs herein as well as each and every person eligible for membership in the Plaintiff Classes, as further described and defined below.

20. At all times herein relevant, the Representative Plaintiffs were, and now are, persons within each of the Classes of persons further described and defined herein.

## DEFENDANTS

21. At all times herein relevant, Defendants METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE RESOURCES, INC. and METLIFE SECURITIES, INC. (hereinafter "Metlife" and/or "Defendants") were, and are, foreign corporations with a principal place of business in New York City and doing business as a National Association of Securities Dealers ("NASD") registered securities brokerage firm with offices located in Oakland, California and elsewhere. Despite Metlife's attempt to avoid its obligations under California law by treating its FSRs as statutory employees or independent contractors, at all relevant times herein, Metlife served as the Representative Plaintiffs' and California Class Members' employer within the meaning of Cal. Labor Code §233(b)(2) and Industrial Welfare Commission ("IWC") Wage Order No. 7-2001, 8 CA ADC §11070(2)(F) (2001).

22. Representative Plaintiffs are informed and believe and, on that basis, allege that Defendants have, and do, directly and/or indirectly employed and/or exercised control over the

wages, hours and working conditions of the Representative Plaintiffs and the Class Members.

## CLASS ACTION ALLEGATIONS

23.     Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Metlife's conduct, including, but not necessarily limited to, the following Plaintiff Classes:

**FLSA Class:**
All persons who are, or have been, employed by the Defendants Metlife, Inc., Metropolitan Life Insurance Company, and/or Metlife Securities, Inc. in the United States to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products on their behalf to the public within the applicable statutory periods.

**California Class:**
All persons who are, or have been, employed by the Defendants Metlife, Inc., Metropolitan Life Insurance Company, and/or Metlife Securities, Inc. in the state of California to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products on their behalf to the public within the applicable statutory periods.

24.     The **California Class** excludes claims settled in *Sims v. Metropolitan Life Insurance Company*, No. C 05-2980 THE (EDL), (N.D. Cal. filed July 21, 2005) ("*Sims*").  The Settlement Period in *Sims* was June 1, 2001 through June 11, 2007.  The *Sims* settlement covered only certain expense claims itemized in Metlife's Expense Allocation Plan and covered by the Representative Plaintiffs' third cause of action.  The *Sims* settlement also ***excluded*** (1) all Metlife FSRs who were designated by Metlife as "General Agents," "Senior Partners" (an 055 Agreement), or "Statutory Employees;" (2) anyone who filed a Schedule C or was on a Career Development Financing Plan; (3) all expenses that were not covered by credits afforded under Metlife's Expense Allocation Plan ("EAP"); and (4) all claims arising after October 30, 2007.

25.     Defendants, their officers and directors are excluded from each of these Classes.

26.     This action has been brought and may properly be maintained as a class/collective action under Fed. R. Civ. P. 23 and 29 U.S.C. §216 (2006) because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the classes are so numerous that

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

- 6 -

1  joinder of all members is impracticable, if not impossible, insofar as Representative Plaintiffs are

2  informed and believe and, on that basis, allege that the total number of Class Members exceeds

3  hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of

4  employee and payroll, among other, records maintained by Defendants.

5           b.    <u>Commonality</u>: The Representative Plaintiffs and the Class Members share a

6  community of interests in that there are numerous common questions and issues of fact and law

7  which predominate over any questions and issues solely affecting individual members, thereby

8  making a class action superior to other available methods for the fair and efficient adjudication of

9  the controversy.  Consequently, class certification is proper under Fed. R. Civ. P. 23(b)(3) and 29

10  U.S.C. §216(b).  These common questions include, but are not necessarily limited to:

> i.    Whether Defendants violated the FLSA and/or California laws by failing to pay overtime compensation to Metlife FSRs who worked in excess of 40 hours per week;
>
> ii.    Whether Defendants violated California Wage Order Nos. 7-98, 7-2000, 7-2001 and Labor Code §510 by failing to pay overtime compensation to Metlife FSRs who worked in excess of 40 hours per week and/or eight (8) hours a day;
>
> iii.    Whether Defendants violated California Business and Professions Code §17200 by failing to pay overtime compensation to FSRs who worked in excess of forty (40) hours per week and/or eight (8) hours a day;
>
> iv.    Whether Defendants violated Cal. Labor Code §§200, 202, 204 and portions of applicable California Wage Orders by subjecting their FSRs to deductions from wages, including commissions and losses claimed by Defendants' customers;
>
> v.    Whether Defendants violated Cal. Labor Code §§400-410 and 2802 by charging and/or otherwise requiring their FSRs to pay all or a portion of the compensation of other agents/employees of the Defendants, as well as other normal business expenses of the Defendants;
>
> vi.    Whether Defendants violated, and continues to violate, Cal. Labor Code §§226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the California Class Members;
>
> vii.    Whether Defendants violated, and continues to violate, Cal. Labor Code §1174 by failing to keep accurate records of employees' hours of work;

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

viii. Whether Defendants violated, and continue to violate, Cal. Labor Code §§201-203 by failing to pay overtime wages due and owing at the time Class Members' employment with Defendants terminated;

ix. Whether Defendants violated, and continue to violate, Cal. Labor Code §226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during the pay period;

x. Whether the Representative Plaintiffs and the Class Members are entitled to "waiting time" penalties/wages pursuant to Cal. Labor Code §203.

c. <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of, and caused by, Metlife's common course of conduct in violation of state and federal law, as alleged herein.

d. <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendants, in refusing to pay overtime to the FLSA Class Members and the California Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, Class Certification is proper under Fed. R. Civ. P. 23(b)(2) and 29 U.S.C. §216(b).

e. <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are an adequate representative of the Plaintiff Classes, in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Classes and the Representative Plaintiffs have the same

1  interests in the litigation of this case as the Class Members.  The Representative Plaintiffs are

2  committed to vigorous prosecution of this case, and have retained competent counsel experienced

3  in litigation of this nature.  The Representative Plaintiffs are not subject to any individual defenses

4  unique from those conceivably applicable to the Class as a whole.  The Representative Plaintiffs

5  anticipate no management difficulties in this litigation.

6                    **COMMON FACTUAL ALLEGATIONS**

7         27.    Metlife designates certain Financial Service Representatives, who perform the same

8  duties and responsibilities as all of the other FSRs, as "statutory employees" and unlawfully treats

9  these FSRs as independent contractors.  Metlife does not pay them appropriate overtime wages,

10  makes improper deductions from their wages, and fails to reimburse them for penalties incurred on

11  behalf of Metlife.  However, these FSRs are, in reality, employees of Metlife and not independent

12  contractors.

13        28.    Metlife's FSRs are all employees.  Metlife retains all necessary control over a job

14  which can be done only in designated ways, and it controls all the details relating to Metlife's

15  financial services.  Metlife provides detailed instructions and guidelines to the FSRs on how to

16  conduct Metlife's business and Metlife reviews and approves the process at each step.  Metlife

17  maintains absolute overall control of the process.  Metlife's FSRs are statutory employees in name

18  only; in reality, they are employees and are entitled to all the benefits of employment under

19  California law.

20        29.    As described herein, Metlife has, for years, knowingly failed to adequately

21  compensate those Financial Services Representatives within the class definitions identified above

22  for premium (overtime) wages due under the FLSA (29 U.S.C. §§206 and 207), Cal. Labor Code

23  §510 and applicable California Wage Orders.  Moreover, Metlife has knowingly failed to provide

24  said workers with mandatory meal and rest periods, thereby enjoying a significant competitive

25  edge over other securities brokerage firms.  Among other means, Metlife engaged in unlawful

26  business practices requiring FSRs to work numerous hours of overtime on a daily and/or weekly

27  basis and prevented them from taking rest and meal breaks.

28

30.     California Labor Code §§510 and 1198 (2007), Code of Regulations §§11070 and 11090 (2001) and the corresponding IWC Wage Orders No. 7-2001 and 9-2001, provide that employees in California shall not be employed more than eight (8) hours in any work day nor more than forty (40) hours in any work week unless they receive additional compensation beyond their regular wage in amounts specified by law.

31.     During all times relevant to this Complaint, the aforementioned Labor Code Sections and IWC Wage Orders were applicable to Plaintiffs' and Class Members' employment and provided that any work performed in excess of 8 hours a day or more than 40 hours per week be compensated at the rate of time and one-half.

32.     Under the aforementioned Labor Code Sections and IWC Wage Orders, Plaintiffs should have received between $24.00 - $56.69 per hour for work performed in excess of eight hours in any day or more than 40 hours in one week.  Plaintiffs, as did other Class members, routinely worked two (2) to four (4) hours of overtime on a daily basis or more than 40 hours in one week and were not compensated as required by the applicable authorities.

33.     Defendants' actions of requiring employees to work an excessive amount of hours in the absence of overtime pay is in direct violation of California labor law.  Under Cal. Labor Code §1194(a), Class members, including Plaintiffs, who received less than the legal overtime compensation applicable to the employee are entitled to recover the unpaid balance of the full amount of the overtime compensation, including interest, reasonable fees and costs of suit.

34.     Even upon the termination or resignation of the employment of Representative Plaintiffs and numerous California Class Members during the Class Period, Metlife declined to pay these wages, in blatant violation of California Labor Code §§201 and/or 202 (2007).

35.     Moreover, according to Defendants' policy, all California Class Members suffered deductions from earned and paid commissions, as well as cash contributions made back to Defendants, for the commissions previously paid and the actual claimed customer losses themselves, on account of claims by Defendants' customers.

36.     Additionally, according to Defendants' policy, all California Class Members were required to pay agents/employees of Defendants for their services to the clients in processing

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

1    orders, assisting in sales, or otherwise doing the business of the employer, either directly as wages,

2    as cash payments or through the diversion of commissions previously earned.

3         37.    Cal. Labor Code §3751(a) provides, "[n]o employer shall exact or receive from any

4    employee any contribution, or make or take any deduction from the earnings of any employee,

5    either directly or indirectly, to cover the whole or any part of the costs of compensation under this

6    division." This division covers any contribution from or deduction from earnings of employee to

7    cover cost of compensation.

8         38.    Through the misclassification of Representative Plaintiffs and the Class Members

9    as exempt employees, Metlife has also incorrectly and unlawfully treated said Class Members as

10   exempt from the meal and rest period requirements established by California Labor Code §§226.7

11   and 512, California Wage Orders No. 7-2001, 8 CA ADC §11070, ¶¶11-12 (2001).

12   Representative Plaintiffs and the California Class Members were, and are, unlawfully denied meal

13   breaks and rest periods required by law.

14        39.    Moreover, California Labor Code §§ 201 and 202 require Metlife to pay all wages

15   due to members of the California Class immediately upon discharge. California Labor Code §203

16   provides that, if an employer willfully fails to timely pay such wages, the employer must, as a

17   penalty, continue to pay the subject employees' wages until the back wages are paid in full or an

18   action is commenced for a period not to exceed 30 days of wages.

19        40.    Furthermore, despite its knowledge of the Representative Plaintiffs and the Class

20   Members' entitlement to premium (overtime) pay for excess hours worked, Metlife violated

21   California Labor Code §1174(d) by failing to provide or require the use, maintenance or

22   submission of time records by members of the California Class. Metlife also failed to provide

23   Representative Plaintiffs and members of the California Class with accurate semi-monthly

24   itemized wage statements of the total number of hours worked by each, and all applicable hourly

25   rates in effect during the pay period, in violation of California Labor Code §226. In so doing,

26   Defendants have not only failed to pay their workers the full amount of compensation due, they

27   have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful

28

1     conduct by concealing the magnitude (the full number of hours worked) and financial impact of

2     their wrongdoing.

3            41.      Representative Plaintiffs and all persons similarly situated in the California Class

4     are entitled to unpaid compensation, yet, to date, have not received such compensation despite

5     their termination of their employment with Metlife.

6            42.      More than 30 days have passed since Representative Plaintiffs and certain

7     California Class Members have left Metlife's employ.

8            43.      As a consequence of Metlife's willful conduct in not paying compensation for all

9     hours worked, certain California Class Members are entitled to 30 days wages as penalty under

10    Labor Code §203, together with interest thereon and attorneys' fees and costs.

11           44.      As a direct and proximate result of Metlife's unlawful conduct, as set forth herein,

12    Representative Plaintiffs and Class Members have sustained damages, as described above,

13    including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to

14    be established at trial. As a further direct and proximate result of Defendants' unlawful conduct,

15    as set forth herein, Representative Plaintiffs and many Class Members herein are entitled to

16    recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties

17    for failure to provide semi-monthly statements of hours worked and all applicable hourly rates

18    (pursuant to Labor Code §226) in an amount to be established at trial. As a further direct and

19    proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and

20    Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b),

21    California Labor Code §§218.5 and 1194 and/or California Code of Civ. P. §1021.5, among other

22    authorities.

23           45.      In addition to asserting class actions claims, pursuant to Bus. & Prof. Code §17204,

24    Plaintiffs assert claims as a private attorney general on behalf of the general public. Plaintiffs seek

25    to enjoin Defendants from engaging in the unfair, unlawful and/or deceptive business practices

26    alleged in this Complaint, and to require Defendants to make restitution of all monies wrongfully

27    obtained by them through their unfair, unlawful and/or deceptive business practices. A private

28

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

attorney general (representative) action is necessary and appropriate because Defendants have engaged in the wrongful acts described herein as a general business practice.

### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
### (FLSA Class)

46.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

47.     At all relevant times hereto, Defendants have been, and are, employers engaged in commerce, as defined under 29 U.S.C. §203(b) and (d) (2008).  As such, Metlife employed members of the FLSA Class as "Financial Services Representatives," employment which engaged the employees in commerce, as defined under 29 U.S.C. §§203(b), (e), (g) and 29 U.S.C. §207(a)(1) (2008). At all times relevant hereto, Defendants have been an "'([e]nterprise engaged in commerce or in the production of goods for commerce)," as defined under 29 U.S.C. §203(s)(1) (2008).

48.     36. Representative Plaintiffs are informed and believe, and thereon allege, that Metlife has required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

49.     Indeed, in the performance of their duties for Defendants, members of the FLSA Class often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§206 and 207 (2008).  The precise number of unpaid overtime hours will be proven at trial.

50.     Representative Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency

---

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

- 13 -

1  of this action and join this action as plaintiffs, pursuant to 29 U.S.C. §216(b) (2008), by filing

2  written consents to joinder with the Court.

3      51.    Defendants' violations of the FLSA were willful.

4      52.    As a result of the foregoing, Representative Plaintiffs seek judgment against

5  Defendants on his own behalf; and on behalf of those FLSA Class Members similarly situated

6  who filed written consents to joinder in this action, for all unpaid wages, including overtime wages

7  owed by Defendants to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C.

8  §§206 and 207, together with an award of an additional equal amount as liquidated damages, and

9  costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. §216(b).

10                        **SECOND CAUSE OF ACTION**
                  **UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
11                              **(California Class)**

12     53.    Representative Plaintiffs incorporate in this cause of action each and every

13  allegation of the preceding paragraphs with the same force and effect as though fully set forth

14  herein.

15     54.    At all times herein relevant, the applicable Labor Code, Code of Regulations and

16  IWC Wage Orders referenced herein applied to Plaintiffs' and Class members' employment with

17  Metlife.

18     55.    During the Class Period, Representative Plaintiffs and the California Class

19  Members worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek.

20  The precise number of overtime hours will be proven at trial.

21     56.    During said time period, Metlife refused to compensate Representative Plaintiffs

22  and the California Class Members for some and/or all of the overtime wages earned in violation of

23  applicable Wage Order(s) and the provisions of the California Labor Code.

24     57.    At all relevant times, Defendants were aware of, and were under a duty to comply

25  with, the overtime provisions of the California Labor Code, including, but not limited to, the

26  following:

27          a.    Labor Code §510: "Any work in excess of eight hours in one workday and
                   any work in excess of 40 hours in any one workweek and the first eight
28                 hours worked on the seventh day of work in any one workweek shall be

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI
- 14 -

compensated at the rate of no less than one and one-half times the regular rate of pay for an employee . . ." (effective at all times herein relevant)

b.  Labor Code §1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. (effective at all times herein relevant)

c.  Labor Code §1198: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." (effective at all times herein relevant).

58.    By refusing to compensate Representative Plaintiffs and the California Class Members for overtime wages earned, Defendants violated those California Labor Code provisions cited herein, as well as various Industrial Welfare Commission Wage Orders.

59.    Metlife has intentionally and improperly designated certain FSRs, including Plaintiffs Peter Fercioni, Hooshang Kermani and the members of the Class, as statutory employees and has treated them as "independent contractors" in order to avoid payment of overtime wages and other benefits in violation of the Cal. Labor Code and the orders issued by the Industrial Wage Commission, and has completely failed to pay members of the Class appropriate overtime.

60.    The Representatives Plaintiffs, individually and on behalf of others similarly situated, request payment of overtime compensation according to proof, penalty wages, interest, attorneys' fees and costs pursuant to the Cal. Labor Code, as well as the assessment of any other statutory penalties against Metlife in a sum as provided by the Labor Code and/or other statutes.

## THIRD CAUSE OF ACTION
## FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND
### (California Class)

61.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

62.    During the Class Period, Defendants required Plaintiffs and Plaintiff Class

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

- 15 -

1  Members to pay additional sums to Defendants' other agents/employees for the labor necessary to

2  complete the job of FSRs, as well as other normal business expenses of the Defendants.

3        63.     Thus, Plaintiffs and the Plaintiff Class had expenditures and losses which were

4  incurred in direct consequence of the discharge of their duties, or of their obedience to the

5  directions of the employer which have not yet been reimbursed by Defendants.

6        64.     At all relevant times, Defendants were aware of and were under a duty to comply

7  with various provisions of California Labor Code §§406, 407 and 2802(a).

8        65.     California Labor Code § 2802(a) provides:

9                An employer shall indemnify his or her employee for all necessary
   expenditures or losses incurred by the employee in direct consequence of
10               the discharge of his or her duties, or of his or her obedience to the directions
   of the employer, even though unlawful, unless the employee, at the time of
11               obeying the directions, believed them to be unlawful.

12       66.     California Labor Code §406 provides:

13               Any property put up by an employee, or applicant as a part of the contract
   of employment, directly or indirectly, shall be deemed to be put up as a
14               bond and is subject to the provisions of this article whether the property is
   put up on a note or as a loan or an investment and regardless of the wording
15               of the agreement under which it is put up.

16

17       67.     California Labor Code §407 provides:

18               Investments and the sale of stock or an interest in a business in connection
   with the securing of a position are illegal as against the public policy of the
19               State and shall not he advertised or held out in any way as a part of the
   consideration for any employment.

20       68.     By requiring Plaintiffs and members of the California Class to incur

21 uncompensated expenses in direct consequence of the discharge of their duties, Representative

22 Plaintiffs and members of the California Class were forced and/or brought to contribute to the

23 capital and expenses of the Defendants' business which is legally a cash bond and which must be

24 refunded by Defendants to each California Class Member.

25       69.     California Labor Code §2802 (b) and (c) provides for interest at the statutory post

26 judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys'

27 fees to collect reimbursement.

28

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

70. Therefore, Representative Plaintiffs demand reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of the employer, with interest at the statutory rate and attorneys' fees.

## FOURTH CAUSE OF ACTION
## PROHIBITED WAGE CHARGEBACKS
### (California Class)

71. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72. California Labor Code §200 states:

> As used in this article: (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation[;] (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

73. California Labor Code §202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74. There was no definite term in any Class Member's employment contract.

75. California Labor Code §204 requires all wages other than salaries to be paid not less than twice a month. California Labor Code §204(a) states:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

76.     California Labor Code §204(b) further states:

Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

77.     Section 8 of the Order of the Industrial Wage Commission, 8 C.C.R. §11040(8) (Professional, Technical, *et al.*) (2008) states:

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

78.     Defendants charged back both commissions and the actual value of the stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all.

79.     This is a species of cash shortages prohibited from being charged back.

80.     Defendants systematically underpaid its employees by holding back a significant portion of commissions for their own purposes to pay others, and then either paying the wages later than the time required under California Labor Code §204 or simply not paying them at all.

81.     Defendants did not pay Plaintiffs all wages due as required by California Labor Code §204.

82.     Therefore, Plaintiffs demand an accounting and payment of all wages due, plus interest provided under California Labor Code §218.6 and attorneys' fees allowed by law.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Class)

83.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

84.    At all relevant times, Defendants were aware of, and were under a duty to comply with California Labor Code §512 and §226.7.

85.    California Labor Code §512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

86.    Moreover, California Labor Code §226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

87.    Industrial Wage Commission Wage Order Nos. 7-2001(¶11) and (¶12) also mandate that employers provide all applicable meal and/or rest periods to their workers.

88.    IWC Wage Order No. 7-2001(¶11) provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

89.    IWC Wage Order No. 7-2001(¶12) provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

- 19 -

worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

90.    By failing to consistently provide meal and rest periods to Representative Plaintiffs and the California Class Members, Metlife violated these California Labor Code and IWC Wage Order provisions.

91.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and the California Class Members have sustained damages, including lost wages, and are entitled to recover such damages, penalties and attorneys' fees and costs under California law, in an amount to be established at trial.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Class)

92.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

93.    California Labor Code §226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned;

(2) total number of hours worked by each employee except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Inclusive Welfare Commission; (4) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive date of the period for which the employee is paid; (7) the name of the employee and his or her social security number... and (8) the name and address of the legal entity which is the employer.

94.    The IWC Wage Orders also establish this requirement in §7(B) thereof (8 Cal. Code Regs. §11010 *et. seq.*).

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

95.     Moreover, California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

96.     Finally, California Labor Code §1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

97.     Representative Plaintiffs seek to recover actual damages, costs and attorneys' fees under these provisions on behalf of themselves and the California Class.

98.     Metlife failed to provide timely and accurate itemized wage statements to Representative Plaintiffs and the California Class in accordance with Labor Code §226(a) and the IWC Wage Orders. None of the statements provided by Defendants have accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

99.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and the California Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SEVENTH CAUSE OF ACTION
## FAILURE TO PAY WAGES ON TERMINATION
### (California Class)

100.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

101.    California Labor Code §203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

102.    Representative Plaintiffs and numerous California Class Members were employed by Metlife during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy two (72) hours of said resignation of employment therefrom.  Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

103.    More than thirty days has elapsed since Representative Plaintiffs and the Class Members were terminated and/or resigned from Defendants' employ.

104.    As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, Representative Plaintiffs and certain Class Members are entitled to recover "waiting time" penalties of thirty days' wages pursuant to Labor Code §203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(California Class)**

105.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

106.    Representative Plaintiffs further bring this cause of action seeking equitable and statutory relief to stop the misconduct of Metlife, as complained of herein, and to seek restitution from Defendants of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

107.    Metlife improperly deducted business expenses from the FSRs' wages.  Metlife also unlawfully treated members of the Class as independent contractors or statutory employees in direct violation of state law.  This improper conduct constitutes, and was intended to constitute, unfair competition and unlawful, fraudulent, and unfair acts and practices within the meaning of the Unfair Competition Law ("UCL").  Metlife's acts constitute a continuing and ongoing unlawful activity prohibited by California labor law, the California common law as herein

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

- 22 -

described, and the UCL and justifies the issuance of an injunction, restitution and other equitable relief pursuant to Bus. & Prof. Code §17203.

108. Cal. Labor Code §90.5(a) articulates the public policy of this state to vigorously enforce minimum labor standards, including the requirement to pay overtime and reimburse employees for all expenses incurred on behalf of or for the benefit of their employer and prevent improper wage deductions pursuant to Labor Code §§510 and 1198. Metlife's conduct of unlawfully treating members of the Class as independent contractors directly violates state law, constitutes, and was intended to constitute, unfair competition and unlawful, fraudulent, and unfair acts and practices within the meaning of the UCL.

109. Through the wrongful and illegal conduct alleged herein, Metlife has acted contrary to the public policy of this state.

110. As a result of Metlife's violations of the California UCL, it has unjustly enriched itself at the expense of Plaintiffs, the members of the Class, and the general public.

111. To prevent this unjust enrichment, Metlife should be required to disgorge its illegal gains and should be required to make restitution to members of the Class.

112. Representative Plaintiffs and the members of the Class also request that this Court enter such orders or judgment as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices, as provided in the UCL, Bus. & Prof. Code §17203, and for such other relief as set forth below.

113. The Representative Plaintiffs are "persons" within the meaning of Bus. & Prof. Code §17204 (2008) and have standing to bring this claim for injunctive and equitable relief.

114. Injunctive relief is necessary to prevent Metlife from continuing to engage in unfair business practices, as alleged herein. Metlife and persons acting in concert with it, have done, or are now doing, and will continue to do or cause to be done, the above-described illegal acts unless restrained or enjoined by this Court.

115. The conduct of Metlife and its agents as alleged herein, have been and continue to be, deleterious to the Representative Plaintiffs, the members of the Class, and the general public.

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

- 23 -

1  By this action, Representative Plaintiffs seek to enforce important rights affecting the public

2  interest within the meaning of Cal. Code of Civ. P. §1021.5.

3      116.    Pursuant to Bus. & Prof Code §17203, Representative Plaintiffs, on behalf of

4  themselves and all current and former FSRs, request injunctive relief, restitution and/or

5  disgorgement of all sums obtained by Metlife in violation of Bus. & Prof. Code §§17200, *et seq.*

6      117.    The knowing conduct of Defendants, as alleged herein, constitutes an unlawful till

7  and/or fraudulent business practice, as set forth in California Business & Professions Code

8  §§17200-17208 (2008). Specifically, Defendants conducted business activities while failing to

9  comply with the legal mandates cited herein.

10      118.    Defendants' knowing failure to adopt policies in accordance with and/or to adhere

11  to these laws, all of which are binding upon and burdensome to Defendants' competitors,

12  engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business

13  practice, as set forth in California Business & Professions Code §§17200-17208.

14      119.    Metlife has clearly established a policy of accepting a certain amount of collateral

15  damage, as represented by the damages to Representative Plaintiffs and the Class herein alleged,

16  as incidental to its business operations, rather than accept the alternative costs of full compliance

17  with fair, lawful and honest business practices ordinarily borne by responsible competitors of

18  Defendants and as set forth in legislation and the judicial record.

19      **<u>RELIEF SOUGHT</u>**

20      WHEREFORE, the Representative Plaintiffs, on behalf of themselves and the Plaintiff

21  Classes, pray for judgment and the following specific relief against Defendants Metlife, Inc.,

22  Metropolitan Life Insurance Company and Metlife Securities, Inc., as follows:

23      1.    That the Court declare, adjudge and decree that this action is a proper

24  class/collective action and certify the proposed FLSA Class, the California Class and/or any other

25  appropriate subclasses under Fed. R. Civ. P. 23 and/or 29 U.S.C. §216;

26      2.    That the Court declare, adjudge and decree that Defendants violated the overtime

27  provisions of the FLSA, the California Labor Code and the Industrial Wage Commission Wage

28  Orders as to the Representative Plaintiffs and the Plaintiff Classes;

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No. 3:06-CV-04444-SI

1    3.    That the Court declare, adjudge and decree that Defendants willfully violated their

2    legal duties to pay overtime under the FLSA, the California Labor Code and the IWC Wage

3    Orders;

4    4.    That the Court declare, adjudge and decree that (a) the Representative Plaintiffs and

5    the RSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime

6    work beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiffs and the

7    RSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

8    5.    That the Court declare, adjudge and decree that Defendants violated California

9    Labor Code §§406, 407 and 2802(a) by willfully failing to reimburse California Class Members

10   for expenses made on behalf of Defendants;

11   6.    That the Court declare, adjudge and decree that Defendants violated California

12   Labor Code §§200, 202 and 204 and applicable IWC Wage Orders by charging back both

13   commissions and the actual value of the stock losses from wages of members of the California

14   Class;

15   7.    That the Court declare, adjudge and decree that Defendants violated California

16   Labor Code §§226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide

17   meal periods (including second meal periods) and/or rest periods to California Class Members;

18   8.    That the Court declare, adjudge and decree that Defendants violated the record

19   keeping provisions of California Labor Code §§226(a) and 1174(d) and §7 of the Wage Orders as

20   to Representative Plaintiffs and the California Class, and willfully failed to provide accurate semi-

21   monthly itemized wage statements thereto;

22   9.    That the Court declare, adjudge and decree that Defendants violated California

23   Labor Code §203 by willfully failing to pay all compensation owed at the time of the termination

24   of the employment of Representative Plaintiffs and other terminated California Class Members;

25   10.   That the Court declare, adjudge and decree that Defendants violated California

26   Business and Professions Code §§17200, *et seq.* by failing to pay Representative Plaintiffs and

27   California Class Members overtime compensation, failing to provide meal and/or rest periods to

28

said employees, failing to pay all wages due on termination ("waiting time" penalties) and/or by failing to provide Class Members with accurate itemized wage statements;

11.    That the Court make an award to Representative Plaintiffs, the FLSA Class and the California Class of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

12.    That the Court make an award to the Representative Plaintiffs and the California Class of reimbursement for all employer related expenses;

13.    That the Court make an award to the Representative Plaintiffs and the California Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

14.    That the Court make an award to the Representative Plaintiffs and the California Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

15.    That the Court order Defendants to pay restitution to Representative Plaintiffs and the California Class due to Defendants' unlawful activities, pursuant to Cal. Business and Professions Code §§17200-08;

16.    That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of Business and Professions Code §§17200, et seq.;

17.    For all other Orders, findings and determinations identified and sought in this Complaint;

18.    For Interest on the amount of any and all economic losses, at the highest prevailing legal rate;

19.    For reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b), California Labor Code §§218.5 and 1194 and/or California Code of Civ. P. §1021.5;

20.    For an accounting to determine all monies wrongfully obtained and held by Defendants; and

21.    For costs of suit and any and all such other relief as the Court deems just and proper.

FIRST AMEND CMPT FOR DAMAGES, INJUNCTIVE RELIEF & RESTITUTION – Case No.  3:06-CV-04444-SI

**JURY DEMAND**

Representative Plaintiffs and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

DATED: November 13, 2008

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT

_____
      BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

LAW OFFICES OF JOHN M. KELSON
JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, California 94612
Telephone: 510/465-1326
Facsimile: 510/465-0871

RICHARD B. GLICKMAN
A PROFESSIONAL CORPORATION
RICHARD B. GLICKMAN
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
Telephone: 415/362-7685
Facsimile: 415/781-1034

Attorneys for Representative Plaintiffs and the
[Proposed] Plaintiff Classes

METLIFE:16412

1  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
2  FRANCIS M. GREGOREK (144785)
   BETSY C. MANIFOLD (182450)
3  RACHELE R. RICKERT (190634)
   Symphony Towers
4  750 B Street, Suite 2770
   San Diego, CA 92101
5  Telephone:  619/239-4599
   Facsimile:  619/234-4599
6
7  LAW OFFICES OF JOHN M. KELSON
8  JOHN M. KELSON (75462)
   1999 Harrison Street, Suite 700
9  Oakland, California 94612
   Telephone:  510/465-1326
10 Facsimile:  510/465-0871

11 Attorneys for Representative Plaintiff
   And the Plaintiff Classes
12
13 [Additional Counsel Appear On Signature Page]

14

15                    UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17
   NEIL WEINSTEIN, individually, and on    )  Case No.  3:06-CV-04444-SI
18 behalf of all others similarly situated, )
                                            )
19                 Plaintiffs,              )  **DECLARATION OF SERVICE**
                                            )
20 vs.                                      )
                                            )
21 METLIFE, INC., METROPOLITAN LIFE         )
   INSURANCE COMPANY, and METLIFE           )
22 SECURITIES, INC.,                        )
                                            )
23                 Defendants.              )
   _____)

24

25

26

27

28

DECLARATION OF SERVICE -- CASE NO.  3:06-CV-04444-SI

1                 <u>DECLARATION OF SERVICE</u>

2        I, Marta Stasik, the undersigned, declare:

3        1.    That declarant is and was, at all times herein mentioned, a citizen of the United

4   States and a resident of the County of San Diego, over the age of 18 years, and not a party to or

5   interested in the within action; that declarant's business address is 750 B Street, Suite 2770, San

6   Diego, California 92101.

7        2.    That on November 13, 2008, declarant served

8   **STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

9   via the CM/ECF system on parties as indicated on the service list.

10       3.    That there is regular communication between the parties.

11       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th

12  day of November 2008, at San Diego, California.

13

14                              _____

15                                  MARTA STASIK

METLIFE: 16465

DECLARATION OF SERVICE -- CASE NO.  3:06-CV-04444-SI

- 1 -

METLIFE INC.
SERVICE LIST – JAN. 12, 2007
PAGE 1

COUNSEL FOR PLAINTIFF(S)

Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com

John M. Kelson
LAW OFFICE OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA 94612
        510/465-1326
        510/465-0871 (fax)
kelsonlaw@sbcglobal.net

Richard B. Glickman
A PROFESSIONAL CORPORATION
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
        415/362-7685
        415/781-1034 (fax)

*Counsel for Plaintiff(s) Neil Weinstein*

COUNSEL FOR DEFENDANT(S)

Rebecca D. Eisen
Theresa C. Mak
MORGAN, LEWIS & BOCKIUS, LLP
One Market
Spear Street Tower
San Francisco, CA 94105
        415/442-1354
        415/442/1001 (fax)
reisen@morganlewis.com
tmak@morganlewis.com

Christopher A. Parlo
MORGAN LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, NY 10178
        212/309-6273
        212/309-6273 (fax)
cparlo@morganlewis.com

Jennifer Elizabeth White-Sperling
MORGAN, LEWIS & BOCKIUS, LLP
300 South Grand 22nd Floor
Los Angeles, CA 90071
        213/612-7205
        213/612-2501 (fax)
jwhite-sperling@morganlewis.com

*Counsel for Metlife Securities, Inc., Metlife Inc.,
Metropolitan Life Insurance Company*

**All parties on service list
served via CM/ECF**

14429