1
2
3
4
5
6
7
8
9
10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 13 NEIL WEINSTEIN, ABDULSALAM | ) | Case No. 3:06-CV-04444-SI |
| 14 BORGI, CHARLES DOZER, PETER | ) | |
| FERCIONI, AND HOOSHANG | ) | |
| 15 KERMANI individually, and on behalf of | ) | **PROPOSED ORDER GRANTING** |
| all others similarly situated, | ) | **PRELIMINARY APPROVAL OF** |
| 16 | ) | **SETTLEMENT AND SETTING A** |
| Plaintiffs, | ) | **SETTLEMENT HEARING** |
| 17 | ) | |
| vs. | ) | |
| 18 | ) | |
| METLIFE, INC., METROPOLITAN LIFE | ) | |
| 19 INSURANCE COMPANY, METLIFE | ) | |
| RESOURCES, INC. and METLIFE | ) | |
| 20 SECURITIES, INC., | ) | |
| | ) | DATE: February 27, 2009 |
| 21 Defendants. | ) | TIME: 9:00 a.m. |
| | ) | PLACE: Courtroom 10, 19th Floor |
| 22 _____ | | JUDGE: Honorable Susan Illston |

23
24
25
26
27
28

PROPOSED ORDER GRANTING PRELIM APPROVAL OF SETTLEMENT -- CASE NO. 3:06-CV-04444-SI

The joint motion of the Settling Parties for an order preliminarily approving settlement of a class and collective action came on for hearing on or about February 27, 2009. The Court has considered the Stipulation and Agreement of Settlement (the "Settlement Agreement") (and its attachments), the submissions and argument of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.     All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement executed by the Settling Parties and filed with this Court.

2.     The Class Representatives and MetLife, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.

3.     The Court finds on a preliminary basis that the Settlement Agreement is within the range of reasonableness and therefore meets the requirements for preliminary approval.

4.     The Court conditionally finds that, for the purpose of approving and implementing this settlement only, and for no other purpose, the proposed California Settlement Class meets each of the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure as the California Settlement Class, and the proposed FLSA Settlement Class meets the requirements for a collective action under the Federal Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Sections 201 *et seq.*. This certification for settlement purposes only shall not be construed to be an admission or determination as to the certifiability of any class or collective action for any other purpose, in this Litigation or otherwise.

5.     The moving parties have also presented to the Court for review a plan to provide notice to the proposed Settlement Classes explaining the terms of the Settlement and describing the options facing the Settlement Classes. The notice will be mailed to all Settlement Class Members at their Last Known Addresses. The notice plan proposed by the Settling Parties is the best practical under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.     The Settlement Agreement is preliminarily approved.

2.    The Court conditionally certifies, for settlement purposes only, the following class: All individuals who were employed by MetLife Inc., Metropolitan Life Insurance Co., MetLife Resources, Inc., and/or MetLife Securities, Inc. in the position of Financial Services Representative ("FSR") (including all functional managers who performed FSR duties), during all or part of the period from and including July 20, 2002 through the date of this Order.

3.    The Court further conditionally certifies, for settlement purposes only, the following collective action ("Collective Action"): All individuals who were employed by MetLife Inc., Metropolitan Life Insurance Co., MetLife Resources, Inc., and/or MetLife Securities, Inc. in the position of Financial Services Representative ("FSR") (including all functional managers who performed FSR duties) during all or part of the period from and including July 20, 2003 through the Preliminary Approval Date and who have opted into the Litigation by filing in Court and/or providing to Class Counsel a Consent to Join Collective Action in accordance with the terms of the Settlement Agreement.

4.    The Court appoints, for settlement purposes only, Neil Weinstein, Abdusalam Borgi, Charles Dozer, Peter Fercioni, and Hooshang Kermani as Class Representatives.

5.    The Court appoints, for settlement purposes only, the law firms of Wolf Haldenstein Adler Freeman & Herz LLP and Law Offices of John M. Kelson as Class Counsel.

6.    The Court appoints, for settlement purposes only, Garden City Group, Inc. as Claims Administrator.

7.    Notice of the proposed settlement shall be given by mailing the "Notice to Settlement Class Members Re: Settlement of Action" by first class, postage prepaid, to all Settlement Class Members pursuant to the applicable provisions in the Settlement Agreement. MetLife shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Settlement Agreement.

8.    A hearing shall be held before this Court on or about July 31, 2009, at 9:00 a.m. (the "Settlement Hearing") to *inter alia*, determine the overall fairness of the Settlement, to consider whether the Settlement should be given final approval by the Court, and to fix the amount of

PROPOSED ORDER GRANTING PRELIM APPROVAL OF SETTLEMENT – CASE NO. 3:06-CV-04444-SI

attorneys' fees and expenses to Class Counsel, and the amount of Enhancement Payments to the Class Representatives:

a)  Written objections by Settlement Class Members to the proposed Settlement will be considered if received by the Court on or before the Notice Response Deadline;

b)  At the Settlement Hearing, Settlement Class Members may be heard orally provided they submitted a timely written objection in advance; and

c)  Class Counsel and counsel for MetLife should be prepared at the hearing to respond to any objections filed by Settlement Class Members and to provide other information as appropriate, bearing on whether or not the Settlement should be approved.

9.  Pending final determination by the Court of whether the Settlement should be approved, Plaintiffs, MetLife, and all Class Members are barred and enjoined from instituting, commencing or prosecuting any Released Claims as against the Released Parties. In addition, all proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, have been stayed and suspended until further order of this Court.

10.  In the event that the Effective Date occurs, all California Settlement Class Members will be deemed to have forever released and discharged the Released State Law Claims, and all FLSA Settlement Class Members who are Participating Claimants will be deemed to have forever released and discharged the Released Federal Law Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

IT IS SO ORDERED.

DATED: _____  3/4/09

_____
UNITED STATES DISTRICT COURT
HONORABLE SUSAN ILLSTON

METLIFE:15965.2

## NOTICE OF CLASS ACTION SETTLEMENT
### *Weinstein v. MetLife, Inc., et al.*
### Case No. 06-CV-04444 SI
### U.S. District Court, Northern District of California

ATTENTION:

THIS NOTICE EXPLAINS YOUR POSSIBLE RIGHT TO RECOVER MONEY AS THE RESULT OF A CLASS AND COLLECTIVE ACTION SETTLEMENT ("SETTLEMENT") OF CLAIMS BROUGHT ON BEHALF OF CERTAIN CURRENT AND FORMER FINANCIAL SERVICE REPRESENTATIVES OF METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE SECURITIES, INC. AND METLIFE RESOURCES, INC. (COLLECTIVELY, "METLIFE").

On February 27, 2009, the Court certified, for settlement purposes only, the following class (the "California Class"):

All individuals who were employed by MetLife in the position of Financial Services Representative ("FSR") (including all functional managers who performed FSR duties) ("Covered Position"), during all or part of the period from and including July 20, 2002 through February 27, 2009.

The court has also certified, for settlement purposes, the following Collective Action (the "Collective Action"):

All individuals who were employed by MetLife in a Covered Position during all or part of the period from and including July 20, 2003 through February 27, 2009 and who have opted into the Litigation by filing in Court and/or providing to Class Counsel a Consent to Join Collective Action in accordance with the terms of Settlement Agreement.

According to MetLife's records, you are a member of the California Class and/or Collective Action (a "Class Member").

TO RECEIVE A SHARE OF THE SETTLEMENT, YOU MUST FILL OUT AND RETURN THE ENCLOSED SETTLEMENT CLAIM FORM SO THAT IT IS POSTMARKED BY **MAY 22, 2009**. IF YOU DO NOT RETURN A CLAIM FORM BY THIS DEADLINE, YOU WILL NOT RECEIVE MONEY UNDER THE SETTLEMENT BUT YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT. PLEASE READ THIS NOTICE CAREFULLY.

1. WHAT THE CASE IS ABOUT.

On July 20, 2006, Class Representative Mr. Weinstein, individually and on behalf of all others who he claimed were similarly situated, filed a complaint in the United States District Court for the Northern District of California. An amended complaint was filed by Mr. Weinstein along with additional Class Representatives Abdulsalam Borgi, Charles Dozer, Peter Fercioni, and Hooshang Kermani on November 14, 2008 (the "Litigation").

In the Litigation, the Class Representatives allege that they and Class Members (i) were misclassified as exempt from federal and applicable state wage and hour laws and not paid the

1

**EXHIBIT B**

required compensation for overtime hours they worked; (ii) were not provided with adequate rest periods or meal breaks under California state law; and (ii) incurred business related expenses that MetLife did not fully reimburse as required by California law and that MetLife unlawfully made deductions from their compensation.

MetLife denies all of the Class Representatives' allegations. Specifically, MetLife denies that FSRs were misclassified as exempt, and believes that the alleged "deductions" at issue are a permissible component of an agreed commission calculation formula. MetLife denies that FSRs are owed any compensation for overtime hours or business-related expenses.

The Litigation has been actively contested and litigated since it was filed. The parties have conducted formal discovery, including depositions and the production of documents, and have exchanged detailed information about the claims, defenses, and alleged damages at issue. The Settlement was reached after over twelve months of settlement negotiations and three mediation sessions before an independent and experienced mediator, and is the result of good-faith arms length negotiations between the Class Representatives and MetLife, through their respective counsel. The terms of the Settlement, as well as the procedure for making a claim, are described below. Please be advised that the Court has not ruled on or taken any position on the merits of the Class Representatives' Claims or MetLife's defenses.

2.    PLAINTIFFS' COUNSEL RECOMMEND THE SETTLEMENT.

The three law firms that represent the Class Members strongly recommend that class members accept the Settlement. The claims alleged in the Litigation are novel and highly technical. For instance, there are no reported court decisions that hold that Financial Services Representatives in the insurance industry are entitled to overtime pay or reimbursement of business-related expenses, and two decisions which hold they are not entitled to overtime. On November 27, 2006, the United States Department of Labor issued an opinion letter holding that financial advisors are not entitled to overtime pay under federal law. On January 16, 2009, the United States Department of Labor issued an opinion letter holding that certain insurance agents are not entitled to overtime pay under federal law.

Similarly, recent court decisions in California and elsewhere suggest that as to certain types of business-related expenses there is a distinction between wage deductions and commission calculations. In other words, the claims alleged in the Litigation are highly uncertain. Furthermore, even if Class Members obtained a favorable judgment in the District Court, that judgment would likely be tied up for several years on appeal. Recently, the Ninth Circuit Court of Appeal reversed a $52.5 million judgment for plaintiffs in an overtime class action involving insurance claims adjusters. In light of the substantial risk that the Class Members might not receive anything at all if the Litigation proceeded to trial, plaintiffs' counsel strongly believe that the Settlement is in the best interests of all Class Members.

3.    Non-Retaliation.

MetLife understands and acknowledges that it has a legal obligation not to retaliate or take any adverse action against a Class Member for making a claim under the Settlement.

**EXHIBIT B**

4.      <u>SUMMARY OF TERMS OF THE SETTLEMENT.</u>

Subject to Court approval, the terms of the Settlement are as follows:

A.      <u>Total Settlement Payment.</u> MetLife will pay up to a maximum of $7.4 million (the "Maximum Settlement Amount"), in full and final settlement of the Litigation. The Maximum Settlement Amount will pay all timely and valid claims of Class Members, as well as the Court-approved attorney's fees and litigation expenses of Class Counsel, Enhancement Payments to the 5 Class Representatives, and the costs of claims administration.

B.      <u>Persons Eligible to Recover Under the Settlement.</u> You are eligible to make a claim under the Settlement if you were employed by MetLife in a Covered Position in California from and including July 20, 2002 through February 27, 2009, or have already signed a consent to opt-in to this action under the Fair Labor Standards Act and were employed in a Covered Position from and including July 20, 2003 through February 27, 2009.

C.      <u>Allocation of Settlement Amount.</u>

After deduction from the Maximum Settlement Amount for attorney's fees, litigation expenses, Enhancement Payments, a payment to the California Workforce and Development Agency, and the costs of claims administration, from the remaining amount (the "Maximum Settlement Portion for Payments to Participating Claimants"), MetLife will make a settlement payment to each Class Member who properly submits a timely Claim Form (the <u>green</u> document enclosed with this Notice) according to a formula based on a number of factors, including the number of work weeks each Class Member actively worked as an FSR during the applicable Class Period

In an effort to divide the Maximum Settlement Portion for Payments to Participating Claimants fairly between the California Class and Collective Action and within the California Class, the parties have spent a great deal of time researching the laws, cases, and authorities covered by this Settlement. The parties agree that the State of California has novel overtime and business expense laws. Moreover, California state claims may allow employees to recover wages over a longer period than the federal overtime claim. For example, the State of California, under Bus. & Prof. Code §§ 17200 *et. seq.*, may allow employees to recover up to four years of unpaid wages, whereas the Fair Labor Standards Act is limited to at most three years.

The parties have agreed to an approach that they believe fairly allocates the Maximum Settlement Portion for Payments to Participating Claimants between the California Class and the Collective Action, and which distributes the settlement amount within the California Class. The FLSA overtime claim has the lowest settlement value based on potential exemptions, such as the outside salesman exemption from overtime, and is limited to a maximum three year recovery in light of the adverse DOL ruling.

The allocation within the California Class is divided into four categories of claimants with varying recoveries. In the <u>first</u> category, if you were actively employed by MetLife Resources, Inc., your office and business expenses were substantially less based on MetLife's Resources, Inc. business practices. In the <u>second</u> category, if you previously recovered business expenses as a non-statutory FSR in the *Sims v. Metropolitan Life Insurance Company*, No. 05-2980 (THE) ("*Sims*") settlement, which awarded a settlement to California FSRs in a June 14, 2001 through June 11, 2007

3

**EXHIBIT B**

settlement claims period, your recovery here for the expense claim is reduced based on this recovery and for the period covered by the *Sims* Settlement. You may also recover for overtime, but only for the time period of the overtime claim in this Litigation. In the third category if you were a functional manager with FSR duties, you will recover for expense claims only. Under the California Labor law, employees in an administrative or managerial position are generally not entitled to overtime compensation. Finally, in the fourth category, if you did not recover anything in *Sims* and you were not a functional manager, your recovery is for all California expense and overtime claims and has the highest settlement value.

If the Court grants final approval of the Settlement, Class Members who file timely and valid claims (as described in more detail below) will receive approximately the following amounts for each week they were actively employed by MetLife in a Covered Position during the applicable recovery period (see Table 1 below):

Table 1

| If You Were Actively Employed In: | Your Recovery Period Is: | Your Per-**Week** Payment Is: |
|---|---|---|
| Outside of California | Limited to a total of 156 weeks prior to signature date on consent | $10 per **week** (overtime only) |
| California and participated in the *Sims* settlement | June 12, 2007 to November 1, 2008 | $10 per **week** (overtime only) |
| California by MetLife Resources, Inc. | November 2004 to November 1, 2008 | $25 per **week** |
| California and Functional Manager | July 20, 2002 to November 1, 2008 | $35 per **week** (expenses only) |
| California and did not participate in the *Sims* settlement and not a functional manager | July 20, 2002 to November 1, 2008 | $45 per **week** |

Example # 1: If you were actively employed by MetLife as an FSR in the State of California from January 1, 2003 to December 31, 2004, and you submit a timely and valid Claim Form, your share of the Settlement Amount would be as follows:

If you did not participate in *Sims*:      $45 x 104 weeks = $4,680 (less taxes and withholding)

If you did participate in *Sims*
and/or work for MetLife Resources:  $10 x 104 weeks = $1,040 (less taxes and withholding)

Example # 2: If you were actively employed by MetLife as an FSR outside of California from April 1, 2006 to March 31, 2008 and filed your consent to opt-in with the Court on or before March 31, 2007, your share of the Maximum Settlement Amount would be:

$30 x 54 weeks = $1,620 (less taxes and withholding)

D. Your Number of Work Weeks. The number of work weeks you were actively employed in a Covered Position during the applicable recovery period will be determined from MetLife's records. That number is listed on the enclosed Settlement Claim Form. (The Claim Form is the green document.) If you disagree with the number of weeks listed on the Claim Form, you must write the correct number of work weeks you were actively employed by MetLife in a Covered Position during the applicable recovery period and provide documents (for example, pay stubs or

4
**EXHIBIT B**

wage statements) that support the different amount. MetLife's records are presumed to be correct unless you prove otherwise. Any disputes regarding the number of work weeks you worked will be decided by the neutral claims administrator, and its decision in this regard will be final.

E.     Attorney's Fees, Litigation Expenses, and Service Payments.  Under the Settlement, Class Counsel will ask that the Court award Class Counsel up to 30%, or up to two million two hundred and twenty thousand ($2,220,000) of the Settlement Amount as attorney's fees for handling this lawsuit on behalf of the class, plus up to $150,000 in litigation expenses.  In addition, Class Counsel will ask the Court to award the named plaintiffs, Enhancement Payments in an amount of up to $25,000 for Neil Weinstein and up to $10,000 for the other named plaintiffs for the time they spent, and the risk they undertook, in bringing the Litigation on behalf of the class.

F.     Release of Claims.

1.     Each Settlement Class Member who does not request exclusion in accordance with section 5.D below, will be deemed to have fully and finally released, discharged, and covenanted not to sue MetLife, Inc., Metropolitan Life Insurance Company, MetLife Securities, Inc., and MetLife Resources, Inc. (collectively, "MetLife"), including each of its and their affiliates, successors, predecessors, parents, subsidiaries, affiliates, divisions, joint ventures, assigns, and related companies, and all of its and their respective past and present employees, partners, directors, principals, officers, attorneys, personal or legal representatives, representatives, insurers, co-insurers, re-insurers, agents, successors, and assigns (individually and collectively "the MetLife Releasees"), from and with respect to any and all claims, obligations, demands, actions, rights, causes of action and liabilities against the MetLife Releasees, of whatever kind and nature, character and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor at the time of entry of the Court's Judgment in the Litigation, that accrued from the commencement of the applicable recovery period through the date on which the Court gives Final Approval of the Settlement of the Litigation, for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorney's fees, litigation costs, restitution, or equitable relief, based on any of the following categories of allegations:  (1) any and all claims which were asserted or which could have been asserted in the Litigation, including but not limited to all claims which arose under the California Labor Code, including §§ 200-204, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2 and 2802; or the California Unfair Competition Act, California Bus. & Prof. Code § 17200, *et. seq.*; (2) any and all claims under California state law for the failure to pay any type of overtime compensation while employed in a Covered Position; (3) any and all claims which arose under California state law for the failure to pay for meal breaks, and/or rest periods while employed in a Covered Position; (4) any and all claims under California state law stemming from or based on the alleged misclassification of Class Members as exempt employees, i.e., an employee who MetLife classified as exempt under state law from the wage and hour requirements, but who actually does not qualify for any exemption, including without limitation the outside sales, inside ("commission") sales, executive, administrative, or professional exemptions set forth in state law; (5) any and all California state law claims, including without limitation California state statutory and common law claims, alleging unlawful imposition of, or deduction or chargeback from, compensation for expenses or costs of or related to Class Members' employment in a Covered Position (including without limitation claims related to costs spent on staff support, any advertising or promotional

5

**EXHIBIT B**

expenses, seminar costs, training costs, telephone charges, mileage, mailing costs, subscriptions, office supplies, office equipment, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts); (6) any and all California state law claims, including without limitation, California state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for expenses, business costs and/or deductions of or related to Class Members' employment in a Covered Position (including without limitation claims for reimbursement of costs spent on staff support, any advertising or promotional expenses, seminar costs, training costs, telephone charges, mileage, mailing costs, subscriptions, office supplies, office equipment, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts); and (7) all claims for penalties or additional damages which allegedly arise from the claims described in (1) through (6) above under federal or applicable state, local, or territorial law (collectively, the "Released State Law Claims").

2.    In addition, each Settlement Class Member who has affirmatively opted-in and consented to join this Litigation and the Settlement by submitting a timely and valid Claim Form will be deemed to have settled any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against MetLife, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, that accrued from July 20, 2003 through the date of the Final Approval Order for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution or equitable relief, based on the following categories of allegations: (1) any and all claims asserted or which could have been asserted in the Litigation which arose under the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§201, *et. seq.*; and (2) any and all claims related to overtime compensation relating to my employment in a Covered Position under the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§201, *et. seq.* (collectively, the "Released Federal Law Claims"). Further, MetLife has the right to move the Court for an order that Class Members who worked for MetLife in a Covered Position who neither submit a timely Claim Form nor a timely Request for Exclusion have waived all rights to bring or participate in a collective or class action under the Fair Labor Standards Act against the MetLife Releasees; though such individuals would still have the right to pursue an individual action under the FLSA.

3.    The release of claims set forth in the preceding paragraphs is intended as a complete release of the Released State Law Claims and Released Federal Law Claims. In furtherance of this intention, Class Members expressly waive the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims, including without limitation any applicable benefits or rights under Section 1542 of the California Civil Code (and any other similar state statute). Section 1542 states:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

5.    <u>YOUR RIGHTS AS A CLASS MEMBER.</u>

You have four options under this Settlement, each of which is discussed below. You may: (A) remain in the Settlement Class and claim money under the Settlement; or (B) remain in the Settlement Class and object to the Settlement; (C) remain in the Settlement Class and do nothing; or (D) exclude yourself ("opt-out") from the Settlement Class and from the Settlement. If you remain in the Settlement Class and either claim money under the Settlement or do nothing (options A and C), you will be represented at no cost to yourself by Class Counsel Betsy Manifold of Wolf Haldenstein Adler Freeman & Herz LLP, 750 B Street, Suite 2770, San Diego, CA 92101 and the other plaintiffs' counsel. Class Counsel cannot represent you if you choose to object to any aspect of the Settlement. You may retain counsel at your own expense to represent you if you wish.

A.    <u>To Claim Money Under the Settlement:</u> If you wish to remain in the Settlement Class and claim money under the Settlement, you must complete the enclosed Claim Form (the <u>green</u> document) and return it by mail to the claims administrator at the following address:

MetLife Claims
c/o The Garden City Group
The Garden City Group, Inc.
105 Maxess Road
Melville, NY 11747

**YOUR CLAIM FORM MUST BE POSTMARKED NO LATER THAN MAY 22, 2009**. If your Claim Form is not postmarked by that date, you will not receive any settlement payment but you will be bound by the Release of Claims and all other terms of the Settlement. If the Claim Form is sent from within the United States, it must be sent through the United States Postal Service by first class U.S. Mail or the equivalent. Do not use a postage meter because that may not result in a postmark appearing on the envelope containing your Claim Form. If you lose, misplace, or require another Claim Form, you should contact the claims administrator as set forth above. Federal and state law protects class members from retaliation based on their decision to participate in a class action settlement.

B.    <u>To Object to the Settlement:</u> If you do not exclude yourself, i.e., opt-out, from the Settlement, but you disagree with any part of the Settlement, you may object to the Settlement. To object, you must file a written objection that clearly explains the basis for your objection and file that objection in the Office of the Clerk, U.S. District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102 on or before **May 22, 2009**, with copies to the following attorneys:

| CLASS COUNSEL | METLIFE'S COUNSEL |
|---|---|
| Betsy Manifold, Esq. | Christopher A. Parlo, Esq. |
| Wolf Haldenstein Adler | Morgan Lewis & Bockius, LLP |
|    Freeman & Herz LLP | 101 Park Avenue |
| 750 B Street, Suite 2770 | New York, NY 10178 |
| San Diego, CA 92101 | Tel:    (212) 309-6273 |
| Tel.:    (619) 239-4599 | Fax:    (212) 309-6273 |
| Fax.    (619) 234-4599 | |

7
**EXHIBIT B**

If you file a written objection to the Settlement, you or your attorney may also appear in Court to argue your objection at the Final Approval Hearing. The date, time, and place of the Final Approval Hearing are listed in Section 6 below. Unless you file a timely written objection, you will not be allowed to speak at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the Proposed Settlement, the payment of attorney's fees, litigation costs, the Enhancement Payments to the named plaintiffs, the claims process, and any and all other aspects of the Settlement.

IF YOU INTEND TO OBJECT TO THE SETTLEMENT BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT IF IT IS APPROVED, YOU MUST SUBMIT A TIMELY AND VALID CLAIM FORM UNDER SECTION 5.A ABOVE.

Regardless of whether you file an objection, you will be deemed to have released all of the Released State Law Claims against MetLife as set forth in Paragraph 4.F unless you request exclusion from the Settlement.

C.  Doing Nothing. If you do nothing and the Court approves the Settlement, you will be bound by the terms of the Settlement, and you will be deemed to have released all of the claims against MetLife as set forth in Paragraph 4.F above, and but will not receive any money under the Settlement.

D.  To Exclude Yourself ("Opt Out") from the Settlement: If you do not wish to participate in the Settlement, you may exclude yourself ("opt out") by sending a letter Requesting Exclusion to the claims administrator ("Request for Exclusion") at the address listed above. To be valid, the Request for Exclusion must be postmarked no later than **May 22, 2009**. If you submit a Request for Exclusion after that date, your Request for Exclusion will be rejected and you will be bound by the Release of Claims as described in Section 4.F above and all other Settlement terms. If the Request for Exclusion is sent from within the United States, it must be sent through the United States Postal Service by first class U.S. Mail, or the equivalent. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Request for Exclusion. If you submit a complete and timely Request for Exclusion, you will no longer be a member of the class and will receive no benefits under the Settlement, but you will retain whatever claims you may have against MetLife.

DO NOT SUBMIT BOTH THE CLAIM FORM AND A REQUEST FOR EXCLUSION. IF YOU SUBMIT BOTH, THE REQUEST FOR EXCLUSION WILL BE INVALID, AND YOU WILL BE INCLUDED IN THE CLASS AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT.

6.  FINAL APPROVAL HEARING.

The Court will hold a hearing on July 31, 2009 at 9:00 a.m. (Pacific Time) to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. At the hearing, the Court will also be asked to approve Class Counsel's request for attorney's fees, litigation

8
**EXHIBIT B**

expenses, and the Enhancement Payments to the five settling plaintiffs. The Court is located at 450 Golden Gate Ave. 16th Floor, San Francisco, CA 94102. The hearing may be continued without further notice to the class. YOU ARE <u>NOT</u> REQUIRED TO APPEAR AT THE HEARING.

      7.    <u>ADDITIONAL INFORMATION.</u>

This is only a summary of the Litigation, the Settlement Agreement, and other related matters. For the precise terms and conditions of the Settlement Agreement, and more information, you may review the Court's files, including the "Stipulation and Agreement of Settlement," which is on file with the Clerk of the Court. The Pleadings and other records in this Litigation, including the Stipulation and Agreement of Settlement, may be examined at the Office of the Clerk, U.S. District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave. 16th Floor, San Francisco, CA 94102. If you have any questions about the Settlement Agreement, you may contact the claims administrator at the addresses and telephone numbers listed below. PLEASE DO NOT TELEPHONE THE COURT ABOUT THIS NOTICE.

<u>CLAIMS ADMINISTRATOR</u>

The Garden City Group, Inc.
105 Maxess Road
Melville, NY 11747
(800) 327-3664

      8.    <u>REMINDER AS TO TIME LIMITS.</u>

**PLEASE NOTE THAT THE DEADLINE FOR FILING A CLAIM FORM IS MAY 22, 2009, AND THE DEADLINE FOR FILING A REQUEST FOR EXCLUSION OR AN OBJECTION TO THE SETTLEMENT IS MAY 22, 2009.**

METLIFE:16464

**EXHIBIT B**