UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL WEINSTEIN, ABDULSALAM BORGI, CHARLES DOZER, PETER FERCIONI, AND HOOSHANG KERMANI individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, METLIFE RESOURCES, INC. and METLIFE SECURITIES, INC.,<br><br>　　　　　　　　Defendants. | Case No. 3:06-CV-04444-SI<br><br>**REVISED PROPOSED FINAL APPROVAL ORDER AND JUDGMENT APPROVING SETTLEMENT**<br><br><br>DATE:　　July 31, 2009<br>TIME:　　9:00 a.m.<br>PLACE:　Courtroom 10, 19th Floor<br>JUDGE:　Honorable Susan Illston |

REVISED PROPOSED FINAL APPROVAL ORDER APPROVING SETTLEMENT –
CASE NO. 3:06-CV-04444-SI

This matter came on for hearing upon the joint application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement Agreement"). Due and adequate notice having been given to the Settlement Classes, a fairness hearing having been held, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Revised Final Approval Order and Judgment Approving Settlement (the "Final Order" and the "Final Judgment"), adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class, and MetLife.

3. The Court finds that the distribution of the Notice to Settlement Class Members Re: Settlement of Action as provided for in the Revised Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing [Dkt. No. 193] and Order re: Extension to Notice to Class Members [Dkt. No. 191], constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Classes, and fully met the requirements of due process under the United States Constitution and California law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice provided to the Settlement Classes was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, including the release of claims and all other terms, as fair, just, reasonable and adequate. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. Except as to the three individual claims of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement and Settlement

1  Classes, all of the Released Claims are dismissed with prejudice as to the Class Representatives
2  and all other Members of the Settlement Class.

3      7.    Solely for purposes of effectuating the Settlement, this Court has certified a class of
4  all Members of the California Settlement Class, as that term is defined in and by the terms of the
5  Settlement Agreement, and the Court deems this definition sufficient for purposes of due process
6  and Rule 23. Solely for the purposes of effectuating the Settlement, the Court has certified that the
7  FLSA Settlement Class meets the requirements of a collective action under the Fair Labor
8  Standards Act, as amended, 29 U.S.C. § 201, *et seq.* This certification for settlement purposes
9  only shall not be construed to be an admission or determination as to the certifiability of any class
10 or collective action in the Litigation or for any other purpose, and shall not be cited or referred to
11 in terms of the propriety of any class or collective action in this Litigation, in any other action or
12 proceeding, or otherwise.

13     8.    By this Judgment, the Class Representatives shall release, relinquish and discharge,
14 and each of the Settlement Class Members shall be deemed to have, and by operation of the
15 Judgment shall have, fully, finally, and forever released, relinquished and discharged with
16 prejudice all Released Claims. The Released Claims are defined in the Settlement Agreement.

17     9.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act
18 performed or document executed pursuant to or in furtherance of the Settlement Agreement or the
19 Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the
20 validity of any Released Claim, or of any wrongdoing or liability of MetLife or any of the MetLife
21 Releases; (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any
22 fault or omission of MetLife or any of the MetLife Releases in any civil, criminal or
23 administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may
24 be deemed to be, nor may be used as, an admission of, or evidence of, the validity of the
25 certifiability of the California Settlement Class or the FLSA Settlement Class for any other
26 purpose. In the event that the Effective Date does not occur, MetLife shall not be stopped or
27 otherwise precluded from contesting class or collective certification in the Litigation on any
28 grounds MetLife or any of the MetLife Releases may have.

REVISED PROPOSED FINAL APPROVAL ORDER APPROVING SETTLEMENT –
CASE NO. 3:06-CV-04444-SI

  10. The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants who are eligible to participate in the Settlement Class and to receive a Settlement Sum under all of the terms and conditions in the Settlement Agreement. The ten claims postmarked after the Claims Form submission deadlines identified by the Claims Administrator shall be treated as Participating Claimants and are eligible to participate in the Settlement Class and to receive a Settlement Sum under all of the terms and conditions of the Settlement Agreement. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

  11. MetLife has agreed not to oppose Class Counsel's petition for their reasonable attorneys' fees in this matter up to the amount of $2,220,000, certain allowable expenses in this matter up to the amount of $150,000, Enhancement Payments to the Class Representatives and other named plaintiffs to reimburse them for their services to the Settlement Class up to $100,000, and the costs of settlement administration up to $200,000. Class Counsel has applied for reasonable attorney fees in the amount of $2,220,000, allowable expenses of $150,000, $84,000 as Enhancement Payments and up to $100,000 for settlement administration. From any such award of attorneys' fees, Class Counsel has also agreed to allocate $93,500 to Scott Cole and his law firm, Scott Cole & Associates, APC, in complete satisfaction and discharge of any claim Scott Cole and his law firm, Scott Cole & Associates, APC, may have for attorneys' fees and costs in the *Weinstein* Action whether under any contingent or other fee agreement, under any common fund doctrine, under any theory of quantum meruit recovery or under any other theory of recovery. The Court finds that these amounts and the amount of the allocation to Scott Cole and his law firm, Scott Cole & Associates, APC, therefrom, which have not been contested by any person, are fair and reasonable based on the efforts of counsel, the Class Representatives and named plaintiffs, and the settlement administrator and the results obtained. MetLife is directed to make such payments in accordance with the terms of the Settlement Agreement.

  12. In accordance with the terms of the Settlement Agreement, MetLife itself, or through the Claims Administrator, is also directed to make a payment of $15,000 to the California Labor and Workforce Development Agency.

REVISED PROPOSED FINAL APPROVAL ORDER APPROVING SETTLEMENT –
CASE NO. 3:06-CV-04444-SI

13. The Settling Parties are to bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class Members and MetLife for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

DATED: July 31, 2009

_____
UNITED STATES DISTRICT COURT
HONORABLE SUSAN ILLSTON

METLIFE: 16887

## Attachment A

The following individual(s) have validly and timely requested exclusion from the Settlement and Settlement Classes:

- Michelle T. Alves
- Daniel J. Caballero
- Donald E. Myers

Case3:06-cv-04444-SI Document229 Filed07/31/09 Page7 of 8

## DECLARATION OF SERVICE

I, Marta Stasik, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 750 B Street, Suite 2770, San Diego, California 92101.

2. That on July 31, 2009, declarant served:

**REVISED PROPOSED FINAL APPROVAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

via CM/ECF to the parties listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of July 2009, at San Diego, California.

_____
MARTA STASIK

REVISED PROPOSED FINAL APPROVAL ORDER APPROVING SETTLEMENT –
CASE NO. 3:06-CV-04444-SI

- 6 -

METLIFE INC.
SERVICE LIST – JAN. 12, 2007
PAGE 1

COUNSEL FOR PLAINTIFF(S)

Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com

John M. Kelson
LAW OFFICE OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA 94612
      510/465-1326
      510/465-0871 (fax)
kelsonlaw@sbcglobal.net

Richard B. Glickman
A PROFESSIONAL CORPORATION
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
      415/362-7685
      415/781-1034 (fax)

*Counsel for Plaintiff(s) Neil Weinstein*

COUNSEL FOR DEFENDANT(S)

Rebecca D. Eisen
Theresa C. Mak
MORGAN, LEWIS & BOCKIUS, LLP
One Market
Spear Street Tower
San Francisco, CA 94105
      415/442-1354
      415/442/1001 (fax)
reisen@morganlewis.com
tmak@morganlewis.com

Christopher A. Parlo
MORGAN LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, NY 10178
      212/309-6273
      212/309-6273 (fax)
cparlo@morganlewis.com

Jennifer Elizabeth White-Sperling
MORGAN, LEWIS & BOCKIUS, LLP
300 South Grand 22nd Floor
Los Angeles, CA 90071
      213/612-7205
      213/612-2501 (fax)
jwhite-sperling@morganlewis.com

*Counsel for Metlife Securities, Inc., Metlife Inc., Metropolitan Life Insurance Company*

**All parties on service list
served via CM/ECF**

14429